JAMES CONLEY & another *vs.* FRANK FINN.

Suffolk. March 21, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Specific Performance — Title to Real Estate — Acknowledgment, Recording, and Delivery of Deed — Adverse Possession.*

Where, on a bill in equity for the specific performance of an agreement executed in 1897 for the sale and purchase of real estate, the defendant refused to complete the purchase for the reason that a deed in the chain of title in 1839 was not acknowledged and recorded until 1859, after the death of the grantee, it being agreed that the title of the grantee, if he had any, had passed by mesne conveyances to the plaintiff, the court said that, there being nothing to show that the deed was not delivered on the day of its date, and there being evidence to show a title by adverse possession, which was almost, if not quite, conclusive, there was no reasonable doubt that the title of the plaintiff was good, and that the defendant could take it without special risk of being put to expense to defend his rights against unknown claimants who might thereafter appear.

The date of a deed is *prima facie* evidence of its delivery at that date, even though it was not acknowledged until a later date.

BILL IN EQUITY, filed August 26, 1897, in the Superior Court, for the specific performance of an agreement for the sale and purchase of certain real estate. Hearing on the bill, answer, and an agreed statement of facts before *Lilley*, J., who, having ordered that a decree be entered dismissing the bill and the

plaintiffs having appealed, at the request of the plaintiffs and with the consent of the defendant, reported the case for the determination of this court. If the ruling was correct, the decree was to be affirmed ; otherwise, such decree was to be entered as justice might require. The facts appear in the opinion.

*F. B. Patten & J. R. Nichols*, for the plaintiffs.

*D. C. Delano*, for the defendant.

KNOWLTON, J. The defence is that the plaintiffs do not offer to give a good title. They tendered to the defendant a warranty deed of the premises, subject to a mortgage, which, by the terms of the contract, he was to assume and pay as a part of the consideration. It is agreed that this deed gives a perfect title to the property unless there is an encumbrance or a cloud upon the title growing out of the fact that a deed from Nathan Conant to George Footman, under which the title is claimed, and which bears date February 11, 1839, was not acknowledged until August 3, 1859, nor recorded until August 4 of the same year. George Footman, the grantee, died in March, 1859, leaving a will, which was duly proved and allowed. The house and land in question were included in the executor's inventory as a part of his estate. The title of George Footman, if he had any, has passed by mesne conveyances to the plaintiffs. Among these conveyances are two warranty deeds, one from Edwin Rice to Henry T. Wheeler, dated April 23, 1868, and recorded April 28, 1868, and one from John H. Wheeler and others, being all the heirs of Henry T. Wheeler, to the plaintiff, dated June 20, 1889, and recorded June 26, 1889. It is agreed that there is testimony from credible witnesses who were in a position to know the facts which tends strongly to show that from a time prior to 1872 Henry T. Wheeler, and after him his heirs, and after them the plaintiffs, occupied the premises under a claim of ownership, living in the house, and maintained a continuous and undisturbed possession from that time until the present, and that none of them ever heard of any claim by Nathan Conant or his heirs, or any person representing them. Albert H. Conant testified that he is a son of Nathan Conant, that his father resided in this Commonwealth from 1832 to 1876, and died a resident thereof; that neither said Nathan nor his heirs were ever of unsound mind, and that he never heard of any claim being made by Nathan

Conant or his heirs to the premises. It is not suggested that there is any evidence to contradict any of this testimony. The question is whether the fact that the deed from Conant to Footman was not acknowledged or recorded until after the death of Footman makes the plaintiffs' title so doubtful and uncertain that the defendant ought not to be compelled to take the property and pay for it.

The general rule is, that, in order to maintain a suit for specific performance against a purchaser of real estate, the plaintiff must show that the title is good beyond a reasonable doubt. *Sturtevant* v. *Jaques*, 14 Allen, 523. *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400. *Jeffries* v. *Jeffries*, 117 Mass. 184, 187. But the mere possibility or suspicion of a defect is not enough to relieve a purchaser from liability under his contract. *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400. *Dow* v. *Whitney*, 147 Mass. 1. *Lowes* v. *Lush*, 14 Ves. 547. *Franklin* v. *Brownlow*, 14 Ves. 550. *Pyrke* v. *Waddingham*, 10 Hare, 1. In *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296, 298, Mr. Justice Devens says of the doubt which will relieve a purchaser of real estate from his obligation specifically to perform his contract, that it " must be reasonable, and such as would cause a prudent man to pause and hesitate before investing his money. It would be seldom that a case could occur where some state of facts might not be imagined which, if it existed, would defeat a title. When questions as to the validity of a title are settled beyond reasonable doubt, although there may be still the possibility of a defect, such mere possibility will not exempt one from his liability to complete the purchase he has made. . . . It would be often practically impossible for a party to negative all objections which might be imagined, and which, if they existed, would defeat his title."

In the present case if the deed from Conant was not executed and delivered in the lifetime of the grantee, Footman, no title passed under it. But the fact that it was not acknowledged or recorded until after the grantee's death does not indicate that it was not delivered on the day of its date. At most it merely suggests a question in regard to it. The date of a deed is *prima facie* evidence of its delivery at that date, even though it was not acknowledged until a later day. *Smith* v. *Porter*, 10 Gray,

66.   *People* v. *Snyder*, 41 N. Y. 397.   *Harman* v. *Oberdorfer*, 33 Gratt. 497.  *Deininger* v. *McConnel*, 41 Ill. 227.   *Ford* v. *Gregory*, 10 B. Mon. (Ky.) 175.   Acknowledgment or equivalent proof is only required as a preliminary to recording.   Pub. Sts. c. 120, §§ 5–9.

Although the presumption of delivery of a deed on the day of its date may be contradicted and controlled by evidence to the contrary, there is no such evidence in the present case. Moreover, if there was no title by deed, there is evidence to show a title by adverse possession, which is almost, if not quite, conclusive.   We are not prepared to say that in no case would a purchaser be compelled in equity to take a title which rests on adverse possession.   The case of *Noyes* v. *Johnson*, 139 Mass. 436, does not support the defendant's contention on this point, but was decided on the ground that the special provisions of the contract of sale implied that the purchaser was to have a good title by the record.   It has been held both in England and in America that a title by adverse possession may be so clearly proved and be so free from doubt as to be a proper foundation for a decree for specific performance against the purchaser.   *Scott* v. *Nixon*, 3 Dr. & War. 388.   *Games* v. *Bonnor*, 54 L. J. (N. S.) Ch. 517. *Ottinger* v. *Strasburger*, 33 Hun, 466; *S. C.* 102 N. Y. 692. *Pratt* v. *Eby*, 67 Penn. St. 396, 402.   *Gump* v. *Sibley*, 79 Md. 165.   *Hedderly* v. *Johnson*, 42 Minn. 443, 445.   *Logan* v. *Bull*, 78 Ky. 607.

Without going so far as the courts have gone in some of these cases, and considering the case in the aspect most favorable to the defendant, the evidence makes applicable a doctrine which was stated by Judge Folger in *Murray* v. *Harway*, 56 N. Y. 337, 343, as follows: "The courts of equity in this State have not held that a title, though the proof thereof rests in part in parol, is, for that reason, so doubtful and uncertain as that specific performance by the purchaser will not be decreed.   And it has been held, that, where one of the paper links of title was defective, the lapse might be supplied by parol proof of possession, under color of title, sufficient to establish a good adverse possession; and that such a title is enough on which to found a decree." See also *O'Connor* v. *Huggins*, 113 N. Y. 511.

In view of all the evidence, we are of opinion that there is no

reasonable doubt that the title of the present plaintiffs is good, and that the defendant can take it without special risk of being put to expense to defend his rights against unknown claimants who may appear hereafter.          *Decree for the plaintiffs.*