JOHN D. SHANAHAN *vs.* ALBERT E. CHANDLER.

Middlesex.    November 13, 1913. — June 20, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Contract,* Performance and breach, Construction, For conveyance of land. *Practice, Civil,* Exceptions.

An agreement by an owner of land, to sell and convey it by a warranty deed "conveying a good and clear title to the same free from all incumbrances," refers to the actual title and not merely to the record title, and it is performed although the owner tenders a deed conveying a title which according to the record is incumbered by an undischarged mortgage, if the conditions of the mortgage have been fully performed and the debt secured thereby has been discharged.

At the trial before a judge without a jury of an action for the recovery of a sum of money deposited by the plaintiff with the defendant in accordance with an agreement whereby the defendant agreed to convey to the plaintiff a certain piece of land by a deed "conveying a good and clear title . . . free from all incumbrances," it appeared that in 1911 the defendant tendered a deed to the plaintiff but that at that time there was on record in the registry of deeds an undischarged mortgage upon the property, that the mortgage was given and recorded in 1871 by a predecessor in title of the defendant to her father to secure a bond, the condition of which was that the daughter should provide her father with suitable maintenance during his life, that the father lived only ten months after the bond was given, and that no administrator of his estate ever had been appointed. There was ample evidence that the condition of the bond had been performed fully. The plaintiff asked the judge to rule "that the title offered was not good beyond a reasonable doubt because of the undischarged mortgage." The ruling was refused and the plaintiff excepted. The judge found for the defendant. *Held,* that the exception must be overruled, because

the question raised by the request was one of fact and not of law, and the judge was justified in finding that the title offered was good beyond a reasonable doubt.

In the same case, the bill of exceptions stated: "It was admitted that the defendant then [at the time when the parties met for the execution of the conveyance] tendered to the plaintiff a deed . . . which satisfied the requirements of the contract, if the title of the defendant was such as the contract specified. The plaintiff testified that he was ready, willing and able to perform his part of the contract, but he alleged that the defendant's title was not such as the contract required, and stated to the defendant on said . . . [date] . . . that there was an undischarged mortgage upon said land as hereinafter described. The plaintiff refused to accept the title and demanded repayment of the deposit which the defendant refused. It was agreed at the trial that the only question for the court was whether the title of the defendant hereinafter described was 'a good and clear title free from all incumbrances.'" *Held,* that on the record it was not open to the plaintiff to contend that at the time when the deed was tendered to him no evidence was shown that the record title could be remedied so that the ruling of the trial judge "would oblige a vendee either to accept the defective title or to assume the risk of removing the incumbrance, or to forfeit his deposit."

CONTRACT to recover $200 paid by the plaintiff to the defendant as a deposit under an agreement in writing, described in the opinion, for the conveyance of certain land by the defendant to the plaintiff in 1911, the declaration alleging that the defendant failed to tender to the plaintiff a deed conveying a good and clear title to the land. Writ dated June 2, 1911.

In the Superior Court the case was heard by *Fessenden,* J. The facts and rulings made by the judge subject to exceptions by the plaintiff are stated in the opinion.

The judge found for the defendant; and the plaintiff alleged exceptions.

*G. M. Poland,* for the plaintiff.

*T. Eaton,* for the defendant.

HAMMOND, J. The agreement provided that the estate should be conveyed by a warranty deed "conveying a good and clear title to the same free from all incumbrances." And one question is whether the title of the defendant was such a title.

At the trial the only objection raised to the title was that a mortgage given by one Preston, a predecessor in title of the defendant, had not been discharged upon the record in the registry of deeds. This mortgage was given by said Preston to her father, to secure a bond the condition of which was that she, the obligor, should provide the obligee, her father, with suitable board and clothing,

care and support during the remainder of his natural life. It was dated May 1, 1871, and was duly recorded the next day. The mortgagee lived only about ten months after the execution of the mortgage. No administrator has ever been appointed on his estate. At the trial there was ample evidence to show that the condition of the bond had been fully performed, and at the close of the evidence the plaintiff did not contend to the contrary.

The plaintiff asked the trial judge to rule: "First. That the title offered to the plaintiff by the defendant was not free from incumbrances as called for by the agreement;" and "Second. That the title offered was not good beyond a reasonable doubt because of the undischarged mortgage" above named. The judge refused so to rule, and the case is before us upon the plaintiff's exceptions to this refusal.

In support of his exceptions the plaintiff argues that the words "good," "clear," and "free from all incumbrances," "should be construed to refer to the record title, because the parties reasonably may be supposed to have used these words with reference to the practical importance that is commonly ascribed to the record title." But this position is untenable. The words are used to indicate the actual title to be conveyed, and that title may be good, clear and free from all incumbrances even if by reason of adverse possession or otherwise its true state be not shown by the record in the registry of deeds, or even if it be inconsistent with such record. See *Conley* v. *Finn,* 171 Mass. 70, and cases there cited. Plainly upon the evidence the first request could not have been given.

The second request could not have been given. Without reciting the evidence in detail it is sufficient to say that in view of the lapse of time since the mortgage was executed, the nature of the condition of the bond, the shortness of time between the execution of the mortgage and the death of the obligee of the bond, and the fact that the conditions of the bond have been fully performed, taken in connection with the other facts shown, it could not have been ruled as matter of law that there was a reasonable doubt as to the title so far as affected by this mortgage. It does not appear that the facts could not have been easily ascertained upon reasonable inquiry. The question was one of fact

and not of law. *Conley* v. *Finn, ubi supra.* *Aroian* v. *Fairbanks,* 216 Mass. 215, and cases therein cited.

But the plaintiff contends that even if the title of the defendant was in fact good and clear from all incumbrances, and even if his warranty deed would have conveyed all his title, still the right of the plaintiff to recover his deposit "should be decided on the state of facts disclosed to him on the day set by the contract for completing the conveyance." And in support of his contention he argues that "the title then offered to him was defective and no evidence was shown that the defect could be remedied. The ruling of the trial judge would oblige a vendee either to accept the defective title and to assume the risk of removing the incumbrance, or to forfeit his deposit."

But we are of opinion that this point is not open to him upon any fair construction of the record. The bill of exceptions after briefly stating the nature of the action proceeds as follows: "The evidence tended to show that said contract [the written agreement of sale] was executed and a deposit of $200 was made by the plaintiff, and that on June 1, 1911, the parties met for the purpose of executing the conveyance. It was admitted that the defendant then tendered to the plaintiff a deed of the land which satisfied the requirements of the contract, if the title of the defendant was such as the contract specified. The plaintiff testified that he was ready, willing and able to perform his part of the contract, but he alleged that the defendant's title was not such as the contract required, and stated to the defendant on said June 1, 1911, that there was an undischarged mortgage upon said land as hereinafter described. The plaintiff refused to accept the title and demanded repayment of the deposit which the defendant refused. It was agreed at the trial that the only question for the court was whether the title of the defendant hereinafter described was 'a good and clear title free from all incumbrances,' as specified in the contract."

It appears by this statement that the plaintiff's refusal to take the deed was upon the ground that there was upon the record an undischarged mortgage. The statement fairly construed refers only to the actual state of the defendant's title, and has no reference whatever to the question whether knowledge of that actual state was or ought to have been communicated by the defendant

to the plaintiff. The only thing to be tried was whether the title was good and clear notwithstanding the state of the record.

The two requests for instructions are to be construed in the same way. They have reference to the condition of the title at the time of the tender, and not to the circumstances under which the tender was made. If the plaintiff desired to raise the question of the necessity of any explanatory statements on the part of the defendant (as from the record he evidently did not), he should have made the requests more definite in that respect.

The plaintiff suggests that the second ruling was refused on the ground that it was not applicable to the case, but this suggestion is not sustained by the record. Moreover the exception cannot be sustained if the ruling was right upon any ground.

*Exceptions overruled.*