HENRY J. O'MEARA vs. S. LOUISE GLEASON.

Middlesex.   November 27, 1922, May 22, 1923.— July 18, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach.   *Deed.   Mortgage,* Affidavit
     of sale on foreclosure.

A contract for the sale and conveyance of eleven separated parcels of land,
     which requires the owner to convey the parcels " by good and sufficient
     quitclaim deeds . . . conveying a good and clear record title to the same
     free from all incumbrances, except taxes for the current year and restrictions
     of record, if any," requires more than " a good and clear title free from all
     incumbrances," or a " good marketable title," and is performed only by
     the conveyance of a title which rests alone on a record which must show an
     indefeasible unencumbered estate, a title which on the record itself can be
     sold again as free from obvious defects and substantial doubts.
At the trial of an action of contract by the purchaser against the owner for a
     deposit made under the contract above described, which provided that the
     deposit should be refunded if the owner should " be unable to give title or
     to make conveyance as above stipulated," it appeared that the defendant's
     title to one of the eleven lots was derived under a sale in foreclosure of a
     mortgage and that the mortgagee's deed and affidavit of sale, instead of
     being recorded within thirty days after the sale, in which case by R. L. c.
     187, § 15, now G. L. c. 244, § 15, " the affidavit, or a certified copy of the
     record thereof " would " be admitted as evidence that the power of sale was
     duly executed," were not recorded until forty-two days after the sale.   *Held,*
     that the defendant was unable to convey a good and clear record title as
     required by the contract and that judgment should be entered for the
     plaintiff for the amount of his deposit and interest.

CONTRACT for $1,000, alleged to be due to the plaintiff
by reason of the defendant failing to give title and to make
conveyance in accordance with the provisions of a contract
in writing whereby he agreed to sell to the plaintiff " eleven
parcels of land with the buildings thereon situated in Medford
. . . as follows: — 502 Main Street; 15, 23 and 27 Medford
Street; 17 and 26 Newbern Avenue; 54 and 78 Morton
Avenue; 71 and 78 Winchester Street and 21 Granville
Avenue; or one on Main Street, three on Medford Street,
two on Newbern Avenue and two on Morton Avenue, two
on Winchester Street and one on Granville Avenue," and

to convey the property " by good and sufficient quitclaim deeds . . . conveying a good and clear record title to the same free from all incumbrances, except taxes for the current year and restrictions of record, if any." Writ dated June 20, 1921.

Material provisions of the contract, other than those stated above and those described in the opinion, were as follows: " If for any reason the party of the first part [the defendant] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed or deeds by the party of the second part shall be deemed to be a full performance and discharge hereof."

The action was heard in the Superior Court by *Flynn,* J., without a jury, on a statement of agreed facts. Material facts are described in the opinion. The judge found generally for the defendant and, at the request of the plaintiff, reported the action to this court upon the following conditions: If the finding for the defendant was right, judgment was to be entered for the defendant; if, as a matter of law, upon the pleadings and the agreed facts, the plaintiff was entitled to recover, judgment was to be entered for the plaintiff in the sum of $1,096.82.

The case was submitted on briefs at the sitting of the court in November, 1922, and afterwards was submitted on briefs to all the justices except *Jenney,* J.

*W. N. Swain, E. N. Carpenter & G. M. Nay,* for the plaintiff.

*W. J. Drew & A. T. Smith,* for the defendant.

BRALEY, J. This is an action of contract by the vendee to recover a deposit made under an agreement in writing to purchase eleven dwelling houses and land therewith connected. The case was submitted to the trial court on agreed facts and after a finding for the defendant is before us on report.

The defendant contracted to convey the property " by good and sufficient quitclaim deeds . . . conveying a good and clear record title to the same free from all incumbrances,

except taxes for the current year and restrictions of record, if any." While it is stipulated that " Time is of the essence of this agreement. Tender of a deed or deeds is . . . waived " and the plaintiff's refusal after extended negotiations to accept a conveyance leaves for decision the question, whether the title offered was in conformity with the requirements of the agreement.

A good and clear record title free from all incumbrances means a title which on the record itself can be again sold as free from obvious defects, and substantial doubts. See *Sturtevant* v. *Jacques*, 14 Allen, 523, 526; *Hayes* v. *Harmony Grove Cemetery Co.* 108 Mass. 400, 402; *Conley* v. *Finn*, 171 Mass. 70; *Oakey* v. *Cook*, 14 Stew. 350; *Moore* v. *Williams*, 115 N. Y. 586. The distinction is plain between the obligation of the defendant under the wording of the agreement, and that which would have attached if the language had been " conveying a good and clear title free from all incumbrances " as pointed out in *Shanahan* v. *Chandler*, 218 Mass. 441, 442, and *Aroian* v. *Fairbanks*, 216 Mass. 215. A " good marketable title " also is not the same as " a good and clear record title." The first embraces an actual title which may rest on disseisin for twenty years or more, and is established by evidence independently of the record. The second rests on the record alone, which must show an indefeasible unencumbered estate. *Conley* v. *Finn*, 171 Mass. 70, 72, 73. *Morse* v. *Stober*, 233 Mass. 223, 225, 226.

It seems to have been mutually conceded that the defendant's title to lot " 26 Newbern avenue " is derived under a sale by foreclosure of a mortgage. The mortgagee's deed, however, and affidavit were not recorded until forty-two days after the sale. By R. L. c. 187, § 15, now G. L. c. 244, § 15, " The person selling shall, within thirty days after the sale, cause a copy of the notice and his affidavit stating his acts fully and particularly to be recorded in the registry of deeds for the county or district in which the land lies, with a note of reference thereto on the margin of the record of the mortgage deed, if the mortgage is recorded in the same registry. If the affidavit shows that he has in all respects complied with the requirements of the power of sale and of the statute, the

affidavit, or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed." But even if the deed vested the title, and the failure to record a copy of the notice of sale and the affidavit would not defeat it (*Field* v. *Gooding*, 106 Mass. 310, *Burns* v. *Thayer*, 115 Mass. 89, 93, *Learned* v. *Foster*, 117 Mass. 365, 371, *Fitchburg Coöperative Bank* v. *Normandin*, 236 Mass. 332, 334, 335), the failure of the mortgagee to comply with the statute would compel the plaintiff, if his title was questioned, to resort to extrinsic evidence to show that the power having been properly exercised the foreclosure was valid. The defendant therefore being unable to convey a good and clear record title to the Newbern land, the other alleged defects relied on by the plaintiff require no discussion.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $1,000 with interest from November 16, 1920.

*So ordered.*