Herman H. Cleval *vs.* Arthur C. Sullivan, trustee.

Suffolk.    November 22, 1926. — January 24, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Sanderson, JJ.

*Contract,* To sell real estate, Construction, Performance and breach. *Evidence,* Presumptions and burden of proof. *Probate Court,* Jurisdiction, License to trustee to sell real estate. *Trust.*

At the trial of an action for the recovery, as money had and received by the defendant to the plaintiff's use, of a deposit made under an agreement by the defendant to sell and convey to the plaintiff a "clear title" to certain real estate subject to a mortgage, and for breach by the defendant of the agreement, it appeared that the defendant at a sale in foreclosure of a mortgage had received title in his own name as "trustee" without further description and without any recorded trust; that the plaintiff refused to accept the title in such condition and that the time for conveyance was extended for a period, during which the defendant filed a declaration that he held the title for the benefit of two corporations, one of which had been the holder of the mortgage that had

been foreclosed, and presented to the Probate Court a petition for leave to sell assented to by both the corporations. The Probate Court, without notice or citation, allowed the petition. The plaintiff still refused to accept the title. The judge ruled that the question of title was for the jury. There was a finding for the plaintiff. On exceptions by the defendant, the evidence was not fully reported. *Held*, that

(1) It could not rightly have been ruled as a matter of law that the title was good beyond a reasonable doubt, or that it was marketable under the terms of the agreement;

(2) Since, under G. L. c. 203, § 16, notice was required before the Probate Court had jurisdiction to grant to the defendant leave to sell as trustee, if notice was not given to some beneficiary who had not assented or waived notice, the decree permitting a sale had no binding force against such beneficiary;

(3) The questions, whether there were beneficiaries of the trust other than the two corporations which assented to the petition, and whether the terms of the trust were different from those recited in the declaration of trust on which the petition was based, were for the jury, and the record disclosed no error.

CONTRACT, with a declaration in two counts, the first for money had and received by the defendant to the plaintiff's use and the second for breach of a contract to sell and convey land of the plaintiff. Writ dated March 30, 1925.

In the Superior Court, the action was tried before *Qua*, J. Material evidence and rulings by the trial judge are described in the opinion. The jury found for the plaintiff in the sum of $1,080. The defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Sherburne, W. Powers, & D. Needham*, for the defendant.

*H. F. Wood*, for the plaintiff.

CROSBY, J. This is an action of contract to recover a deposit of $1,000, paid by the plaintiff under a written agreement to purchase from the defendant a certain parcel of real estate situated in Boston.

On August 13, 1924, the defendant bought the property at a foreclosure sale conducted by the Mutual Finance Corporation, mortgagee. The deed ran to "Arthur C. Sullivan, Trustee," but contained no reference to the nature or terms of the trust; and at the time of its delivery, no particulars thereof, nor the names of the beneficiaries, nor the powers and limitations of the trustee were set forth in documentary form.

On October 31, 1924, the agreement was executed, signed by "Arthur C. Sullivan, Trustee," and the deposit was paid to the defendant. The agreement provided for the conveyance to the plaintiff of "a clear title subject to a mortgage for One Hundred Thousand Dollars ($100,000)"; and further provided that the deposit should be returned if the defendant were unable to make the conveyance as stipulated. After examining the records, the plaintiff objected to the title on the ground that there was no satisfactory evidence of the defendant's authority as trustee to transfer the property.

On December 4, 1924, the defendant executed, and shortly thereafter recorded in the Suffolk registry of deeds, a declaration of trust, stating that he had purchased the property and was holding it for the benefit of the Commercial Finance Corporation and the Mutual Finance Corporation upon the terms and conditions specified in the declaration. On the same day, as trustee under said declaration of trust, he filed in the Probate Court for Suffolk County a petition for a license to sell the property at public auction or private sale and invest the proceeds. The petition was assented to by the two corporations above named who were alleged in the petition to be the only parties interested. On December 8, 1924, the Probate Court, "all parties interested having assented and no person objecting thereto," entered a decree authorizing the sale. By agreement between the parties the time for passing papers was extended to December 20, 1924, at twelve o'clock noon.

There was evidence from which the jury could have found that the plaintiff was ready, willing and able to carry out the agreement at the time and place stipulated, but that the defendant was unable to perform because of the alleged defect in the title, and for the reason that he did not tender a deed. The plaintiff thereupon demanded the return of his deposit, which was refused. The record states that the foregoing is all the evidence material to the questions involved.

The declaration contains two counts, the first for money had and received, the second for breach of contract. The case was tried before a judge of the Superior Court and a jury.

At the conclusion of the evidence the defendant requested that the following instructions be given: "6. The defendant had a marketable title and therefore a sufficient title under the terms of the contract . . . . 8. The defendant's title at the time of the plaintiff's default was free from reasonable doubt. 9. The defendant's title at the time of the plaintiff's default was a marketable title." The judge ruled that the question of title was for the jury and refused to give the requests; to this refusal the defendant excepted.

The agreement does not in terms call for a clear record title, but for the conveyance of a clear title free from encumbrances except a mortgage for $100,000. The distinction between a clear record title and a clear title was pointed out in *Aroian* v. *Fairbanks,* 216 Mass. 215. *Shanahan* v. *Chandler,* 218 Mass. 441, and *O'Meara* v. *Gleason,* 246 Mass. 136. The first rests upon the record alone which must show an indefeasible, unencumbered estate. *Morse* v. *Stober,* 233 Mass. 223. The second relates to the actual title and may be shown by evidence independent of the record. In the case last cited, which was a bill for specific performance, it was said at page 226: "A title not good on the record thus may be shown by oral or other evidence outside the record to be marketable beyond any reasonable doubt . . . ." This rule is equally applicable to actions for the breach of contracts to purchase and sell real estate. See *Foster, Hall & Adams Co.* v. *Sayles,* 213 Mass. 319.

The question, whether the defendant's title was clear and free from encumbrances except the mortgage, was one of fact, and was properly submitted to the jury with the burden upon the plaintiff to prove that the defendant's title was not good beyond a reasonable doubt, and that the defendant did not have a marketable title. It could not rightly have been ruled that the title was good beyond a reasonable doubt, and that it was marketable under the terms of the agreement. These were questions of fact. It follows that the defendant's sixth, eighth and ninth requests were rightly denied. *Shanahan* v. *Chandler, supra.*

The deed to the defendant describes him as trustee, with nothing to show the entire terms of the trust. After the

delivery of the deed, the declaration of trust was executed and, was duly recorded as required by G. L. c. 203, § 2. *Sturtevant* v. *Jaques,* 14 Allen, 523.

The declaration of trust is not before us. All that appears in the record respecting its terms is that the defendant "purchased and held the property for the benefit of Commercial Finance Corporation and Mutual Finance Corporation upon the terms and conditions specified in the document."

The evidence submitted at the trial is not reported in full, and we have no means of knowing what evidence was produced. It may have been conflicting respecting the entire terms of the trust, the identity of the beneficiaries, and the conditions under which the property could be conveyed. If the facts were in dispute and the credibility of witnesses was in issue and different inferences could be drawn from the facts proved, it could not properly have been ruled that the defendant's title was clear beyond a reasonable doubt. *Kane* v. *Learned,* 117 Mass. 190, 194. *Rand* v. *Farquhar,* 226 Mass. 91.

It is the contention of the defendant that the Probate Court had jurisdiction of the subject matter (G. L. c. 215, § 6; c. 203, §§ 16–22); that, the court not having exceeded its jurisdiction, the validity of the decree cannot be successfully attacked in a collateral proceeding; and that therefore the trial judge erred in permitting the jury to make any finding in conflict with the decree.

It is to be observed that the petition for license to sell the property was signed by the defendant, as trustee, and assented to by the two corporations above named, and that they were described as the only persons interested, but no notice upon the petition was therein requested and none was given. It follows that the license to sell was issued solely upon the consent of the parties named in the petition. It was in effect a consent decree.

A license to sell real estate held in trust may under G. L. c. 203, § 16, be granted "after notice." A license granted by the Probate Court to sell real estate issued under a statute expressly requiring a notice to persons interested is void if

no notice is given, because the court is without jurisdiction to make the decree on which it is founded.    It was said by *Knowlton*, J., in *Nazro* v. *Long*, 179 Mass. 451 at page 455, that even if such notice were not expressly required by the statute, "the principles of natural justice would require it." See *Hellier* v. *Loring*, 242 Mass. 251, 252; *Savage* v. *Welch*, 246 Mass. 170, 184.

The decree had no binding effect upon persons who were not before the court.    It was a question for the jury to determine upon the entire evidence whether there were beneficiaries of the trust other than the two corporations which assented to the petition, and whether the terms of the trust were different from those recited in the declaration of trust on which the petition was based.    The facts recited in the petition, and assented to by the parties thereto, and the license to sell cannot affect the rights of parties in interest who had no notice of the petition or opportunity to be heard. See *Dwyer* v. *Dwyer*, 239 Mass. 188.

The cases of *Boston Safe Deposit & Trust Co.* v. *Mixter*, 146 Mass. 100, and *Batt* v. *Mallon*, 151 Mass. 477, are distinguishable in their facts from those in the case at bar. In both of those cases the decrees were entered after full public notice had been given to all persons interested.

As the requests for rulings were rightly denied and the case was properly submitted to the jury, the exceptions must be overruled.

*So ordered.*