Cavan, J.
This is an action of contract to recover a deposit on purchase price, paid under a written agreement, for, the sale of real estate, situated in Dover, Massachusetts. The plaintiff declares that the defendant was unable, at the time set for performance, to give a quitclaim deed conveying a good and clear title free from all encumbrances, as provided for in said agreement.
On August 20, 1946, the date of delivery under said agreement, the defendant tendered to the plaintiff a deed which satisfied the terms of the contract, if the title was marketable. The plaintiff would not accept same and demanded the return of his deposit, which the defendant refuséd.
At the close of testimony, the parties agreed that there were two issues presented in the evidence: (1) the validity of the deed from Bridget McNamara to Rose Cronin, in 1898, in the chain of title; (2) whether or not the mortgage of 1867, given by Matthew McNamara to Elijah Perry, and *118 assigned a few months later to Joseph Fisher, and not discharged of record, rendered the present title to the locus unmarketable; and, further, that neither party need amend his pleadings to conform to proof.
From the Report, the record title of this real estate may be summarized as follows:
(a) July 1, 1867 — Matthew McNamara conveys by mortgage to Elijah Perry, to secure the payment of $1000., payable $200. annually, (b) Sept. 23, 1867— Elijah Perry assigns the above mortgage to Joseph Fisher. Not discharged, (c) 1871 — Matthew McNamara conveys by mortgage to Joseph Fisher, to secure the payment of $400., free from all encumbrances except a prior mortgage now held by said Fisher. Discharged. (d) 1874 — Matthew McNamara conveys by mortgage to said Fisher, to secure the payment of $850., warranting that the premises were free of all encumbrances. Discharged, (e) 1879 — Matthew McNamara conveys by mortgage to said Fisher, to secure the payment of $1200., warranting that the premises were free from all encumbrances, (f) Above mortgage assigned to Howard Colburn. Discharged, (g) May 13, 1880 — Matthew McNamara conveys by mortgage to Susan Barnett, subject to a previous mortgage outstanding of $1200., to Joseph Fisher. Discharged. (h) June 3, 1896 — Will of Matthew McNamara proved and allowed in Norfolk Probate Court. His widow, Bridget McNamara, was appointed and qualified as executrix.. As executrix, she was given full power and authority, in her own discretion, to sell and convey real estate, (i) Dec. 5,1898 — Bridget McNamara conveys the real estate in question by deed to Rose Cronin. This deed describes Bridget McNamara as grantor, and she executed it as such. After the description in said deed, it continues as follows: “Being the same premises conveyed to Matthew McNamara by deed of Elijah Perry . . . and now conveyed under power in will of said Matthew McNamara ...” (j) 1916— Rose Cronin, by deed, conveys to Susan G. Draper, (k) Susan G. Draper conveys by mortgage to Rose Cronin. Discharged. (1) April 1925 — Susan G. Draper conveys by deed to George D. Hanchett, the defendant.
*119 Catherine C. Purcell, a daughter of Matthew and Bridget McNamara, testified that her mother died in 1927; that she was fifteen years of age when her mother conveyed t.hi p land to Bose Cronin (i); that she remembered the mortgage for $1200., held by Howard Colburn (f), having heard it mentioned by one or both of her parents, and that she did not know, or remember of ever hearing any mention by her father, mother, or any one else, of a mortgage of 1867 to either Elijah Perry or Joseph Fisher (a), (b).
The defendant testified that he had raised hay and corn on the premises, without interruption, for more than twenty-one years after his purchase in April, 1925; that, during this period of ownership, no one had ever made any demand on him for payment of mortgage of 1867, or for any other encumbrance, or made any mention thereof; that Susan G. Draper, from whom he purchased said real estate, was his aunt; that for over nine years, during her ownership, he had raised hay and corn on the premises, and that the only encumbrance that she ever mentioned was the mortgage to Bose Cronin (k).
The trial judge found upon the written and oral testimony that the deed tendered by the defendant constituted a conveyance of a marketable title of the locus, and made a finding for the defendant, after denying, as not applicable to the facts found, the following plaintiff’s request for rulings:
(2) The evidence is not sufficient to warrant or support a finding for the defendant. (4) As a matter of law chapter 240, § 15 of the General Laws provides for clearing the record of an undischarged mortgage and the defendant’s title to the property was not marketable until the mortgage was cleared on the record or evidence of its payment produced. (6) As a matter of law the plaintiff was not obligated under the contract to accept the deed tendered by the defendant prior to the defendant discharging the encumbrance of an undischarged mortgage on the property or of pro *120 ducing evidence of its payment. (8) As a matter of law the deed from Bridget McNamara to Rose Cronin, the defendant’s predecessor in title, is defective and renders the defendant’s title unmarketable. (9) As a matter of law the deed from Bridget McNamara to Rose Cronin, the defendant’s predecessor in title, is improperly executed and renders the defendant’s title unmarketable. (10) As a matter of law the deed tendered to the plaintiff by the defendant on August 20, 1946, did not convey a marketable title. ■
There was no error in refusing to make request No. 2. The evidence was sufficient to warrant a finding for the defendant. The mortgage of 1867 was given to secure the payment of $1000., payable $200. annually, and it should have been paid in full July 1, 1872. It was held by Joseph Fisher as assignee. Later, the said Fisher, as grantee, held three other mortgages on said premises, 1871, 1874 and 1879. These three mortgages are discharged as of record. In that of 1871, it is stated that the property was free from all encumbrances except a prior mortgage now held by said Fisher. In those of 1874 and 1879, no mention of or reference to the mortgage of 1867 is made, and, in each instance, the premises were conveyed free from all encumbrances.
For over twenty years, the defendant, owner of the property during that time, used the premises without interruption, and no one had made any demand upon him for payment of mortgage of 1867, or for any other encumbrance, or made any mention thereof. No evidence was presented that. this mortgage had not been paid according to its terms.
By the will of Matthew McNamara, who died seized and possessed of this real estate, his executrix, Bridget McNamara, was given full power and authority, in her own discretion, to sell and convey real estate. Her deed to Rose Cronin, December 5, 1898, states, after the description of *121 the premises, “Being the same premises conveyed to Matthew McNamara by deed of Elijah Perry and now conveyed under power in will of said Matthew McNamara . . . ”
There was no error in denial or request No. 4. Procedure under c. 240, § 15, General Laws, (Ter. Ed.) was not necessary for the agreement did not call for a clear record title, but a clear title, which is the actual title, and may be shown by evidence independent of the record. Cleval v. Sullivan, 258 Mass. 348 at 351.
Bequest No. 6 was properly denied in view of the agreement of parties as to issues, and because of the judge’s special finding of fact, that the deed tendered by the defendant constituted a conveyance of a marketable title of the locus.
There was no error in the denial of requests numbered 8 and 9. The deed of Bridget McNamara to Bose Cronin was a valid conveyance. In the body of it appears the words “and now conveyed under power in will of Matthew McNamara.” “It is not necessary that the intention to execute the power should appear by express terms or recitals in the instrument . . . The deed purports to convey what she would have no right to convey except by virtue of the power. It is true that in the same deed, she enters into the usual covenants contained in a warranty deed and that these covenants are binding upon her personally and not as executrix; but this fact does not change the character in which she conveys.” Gould v. Mather, 104 Mass. 283 at 290, 291. There can be no reasonable doubt that Bridget McNamara conveyed the real estate in fee in execution of the power, and that the deed was a valid execution of the power. Ladd v. Chase, 155 Mass. 417 at 422.
There was no error in denying Bequest No. 10. The question, whether the defendant’s deed conveyed a marketable title was one of fact. Cleval v. Sullivan, supra. The report is to be dismissed.