ABRAM SALTER *vs.* FRANCES J. QUINN & another.[1]

Norfolk.  February 10, 1956. — May 31, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Tenants in Common.  Real Property,* Tenancy in common.  *Mortgage,* Of
real estate: foreclosure.  *Contract,* For sale of real estate.

Where the records of the registry of deeds revealed that two persons
owning real estate as tenants in common executed a mortgage thereon
and that one of them subsequently purchased the real estate in a fore-
closure of the mortgage, but did not show that anything ever changed
the cotenancy in the equity of redemption, the probable interest of
the purchaser's cotenant arising from such purchase prevented the
record title of the purchaser from being free from obvious defects
and substantial doubts and prevented one subsequently deriving title
from him from being able to convey a "good marketable and clear
record title . . . free from all encumbrances" as stipulated in an
agreement for sale of the real estate.

CONTRACT.  Writ in the Superior Court dated June 12,
1950.

The action was heard by *Meagher,* J., upon an auditor's
report.

*Louis L. Green,* for the defendants.

*Mack M. Roberts,* for the plaintiff.

COUNIHAN, J.  This is an action of contract in which the
plaintiff seeks to recover a deposit of $1,000 paid by him to
the defendant Quinn, hereinafter called the defendant, who
is alleged to be an agent of the defendant Roche, upon the
execution of a purchase and sale agreement of commercial
or business real estate on Trapelo Road, Belmont.  The
case was heard by an auditor whose findings disclose the
following: The agreement, dated April 12, 1950, called for
the delivery by the seller of "a good and sufficient quitclaim
deed . . . . conveying a good marketable and clear record

---

[1] Lawrence J. Roche.

title to the same, free from all encumbrances except restrictions and easements of record, if any, so far as the same are now in force and applicable, and to the zoning laws of the Town of Belmont." No restrictions or easements of record and no zoning laws are here involved. The agreement also contains the not unusual clause, "If the party of the first part shall be unable to give title or to make conveyance as above stipulated any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease." At the time fixed for passing papers the plaintiff refused to accept the deed tendered him by the defendant Quinn and demanded the return of the deposit because he contended that the deed did not convey a good marketable and clear record title. The records of the Middlesex South District registry of deeds reveal the following matters of record which include all material matters found in the records of the registry of deeds which pertain to this case:

(a) On December 8, 1925, Charles H. Hemenway of Boston conveyed the property to Harold G. Soule and Percy D. Wyman, both of Belmont, by deed recorded in Middlesex South District registry of deeds, book 4920, page 456.

(b) On December 7, 1928, Harold G. Soule and Percy D. Wyman, as tenants in common of said real estate, executed a mortgage for $25,000 on said property to the Waverly Trust Company which was recorded on December 7, 1928, in Middlesex South District registry of deeds, book 5037, page 124.

(c) Following the execution and recording of said mortgage, the mortgage title (as a result of several assignments of record) became vested in the Belmont Trust Company by an assignment dated December 21, 1931, recorded in Middlesex South District registry of deeds March 22, 1932, book 5632, page 554.

(d) On August 3, 1933, an authorized agent of the conservator in possession of the Belmont Trust Company (G. L. [Ter. Ed.] c. 172, §§ 83, 84, inserted by St. 1933, c. 87, § 1) made an entry on said premises for the purpose

of taking possession of said real estate to foreclose said mortgage for breach of conditions thereof. G. L. (Ter. Ed.) c. 244, §§ 1, 2. The certificate of entry dated August 3, 1933, was recorded in Middlesex South District registry of deeds on August 11, 1933, in book 5738, page 474, and later a confirmation of this entry to take possession was executed on March 24, 1938, by the commissioner of banks in possession of the Belmont Trust Company and recorded in Middlesex South District registry of deeds on March 28, 1938, in book 6192, page 413.

(e) The conservator in possession of the Belmont Trust Company assigned said mortgage to one Dagmar Miller on September 5, 1933, and this assignment was recorded September 7, 1933, in Middlesex South District registry of deeds, book 5743, page 600.

(f) On October 7, 1933, Dagmar Miller under the power of sale in the mortgage foreclosed said mortgage, G. L. (Ter. Ed.) c. 244, §§ 14, 15, and conveyed said premises by a foreclosure deed to said Percy D. Wyman for the sum of $21,000 and also executed an affidavit of sale. The sale took place on October 7, 1933. The foreclosure deed and the affidavit of sale were dated October 9, 1933, and were recorded in Middlesex South District registry of deeds on November 7, 1933, book 5768, page 87.

(g) Percy D. Wyman, husband of Alice M. Wyman, about fifteen years after he acquired title from Miller conveyed the property to said Alice M. Wyman, by deed dated September 13, 1948, recorded in Middlesex South District registry of deeds September 14, 1948, book 7337, page 45.

(h) Alice M. Wyman, a widow, conveyed the property to Francis J. Quinn (the defendant) by deed dated June 30, 1949, recorded in Middlesex South District registry of deeds June 30, 1949, in book 7449, page 150. Certified copies of all the above records were offered by the plaintiff, without objection, and were in evidence as exhibits.

The court below allowed the plaintiff's motion for judgment on the auditor's report and found for the plaintiff. The case comes here on the defendants' exceptions to the

finding for the plaintiff and to the refusal of the judge below
to grant certain requested rulings.[1]   Because of what shall
hereinafter appear there was no error.

The sole issue before us is whether the defendant tendered,
as required by the contract, a "good and sufficient quitclaim
deed . . . conveying *a good marketable and clear record title
. . .*" (emphasis supplied).

At the threshold of our consideration of this case we feel
it necessary to say, and indeed it is conceded by the de-
fendant, that his title cannot rest solely upon the sale under
the power in the mortgage because G. L. (Ter. Ed.) c. 244,
§ 15, as amended, requires that a copy of the notice of sale
and an affidavit of compliance with c. 244, § 14, be recorded
in the registry of deeds within thirty days after the sale.
Obviously in the case at bar this affidavit was not recorded
until thirty-one days after the sale.   *O'Meara* v. *Gleason,*
246 Mass. 136.

The defendant contends that because of the entry to take
possession by the conservator of the Belmont Trust Com-
pany, an assignee of the mortgage, which was duly recorded,
the title to the premises acquired by the entry subsequently
passed to Percy D. Wyman after the three year statutory
period because of the deed to him from Dagmar Miller, an
assignee of the mortgage.   G. L. (Ter. Ed.) c. 244, § 1.
*Joyner* v. *Lenox Savings Bank,* 322 Mass. 46, 52–53.   This
contention of the defendant would ordinarily be correct,

---

[1] "1.  A finding for the plaintiff is not warranted.   2.  A finding for the de-
fendant is warranted.   3.  As a matter of law, a finding for the defendant is
required.   4.  As a matter of law, the requirements to be performed by the
defendant according to the terms of the agreement, that is, that the plaintiff
[*sic*] was to tender 'a good and sufficient quitclaim deed, conveying a good
marketable and clear record title . . . free from all encumbrances except
restrictions and easements of record, if any, so far as the same are now in
force and applicable, and to the zoning laws of the town of Belmont' were
complied with by virtue of the foreclosure deed and entry of possession in
evidence. . . .   6.  As a matter of law, in any event a good clear record
title existed three years after the entry above referred to.   7.  As a matter of
law, Harold G. Soule, the original cotenant, had no rights at law or in equity
in the real estate involved in this suit at the date or time for passing papers.
8.  The burden of proof is on the plaintiff to show that the entry of possession
did not ripen into a good and clear title of record at the expiration of three
years from the entry.   9.  As a matter of law, the plaintiff is not entitled
to return of his deposit on the theory of forfeiture, penalty or otherwise."

were it not for other circumstances which appear in the case at bar.

These circumstances, the plaintiff contends, are that Wyman and Soule were cotenants of these premises when the mortgage to the Waverly Trust Company was originally given. They then became cotenants in the equity of redemption. There is nothing in the record to show that this relationship between them ever changed. Wyman acquired title by reason of his purchase at the foreclosure sale of this mortgage which carried with it the benefit of the entry made by the conservator of the Belmont Trust Company. The general rule in this aspect of the case is stated in *Barnes* v. *Boardman,* 152 Mass. 391, 393, wherein it is said that "when tenants in common are actually in possession, or are entitled to immediate possession, a purchase of an incumbrance on the common property [by one cotenant] will generally be deemed to have been made for the benefit of all, if they shall consent to pay their proportional shares thereof, and that to this extent a certain fiduciary relation exists between the tenants in common." *Hurley* v. *Hurley,* 148 Mass. 444. *Fiske* v. *Quint,* 274 Mass. 169. It was further said in the *Barnes* case at page 393, "By seeking to avail himself of the entry made by the original mortgagee to complete the foreclosure of the mortgage, he sought both to destroy the rights of his co-reversioners and the life tenancy . . ."; and at page 395, "It is found by the master that the co-reversioners of . . . Boardman . . . had no actual knowledge until after his death . . . of the breach of the conditions of the mortgage, the entry to foreclose, and the assignment, and until shortly before the bringing of these suits; and that they have been guilty of no laches. This finding is not affected by the fact that there was a record of the entry and of the assignment." The holding in the *Barnes* case so far as we have been able to discover has never been modified since 1890 when it was decided. It is decisive of the case at bar.

The facts concerning the title of the defendant and the probable interest of Soule or his heirs in such title plainly appear in the records of the registry of deeds which we have

hereinbefore recited. This we think is enough to put a careful conveyancer on his guard and cast doubt upon the record title. We are therefore unable to conclude that the record title of the premises in the case at bar is free from obvious defects and substantial doubts. *O'Meara* v. *Gleason*, 246 Mass. 136, 138. *Cleval* v. *Sullivan*, 258 Mass. 348, 351.

In view of what we have said no error appears in the denial of the defendants' requests for rulings.

*Exceptions overruled.*