*Municipal Court of the City of Boston*

No. 25861

**NORMAN SWARTZ**

v.

**HARRY SHER**

(April 28 — May 12, 1961)

*Present:* Adlow, C. J., Gillen & Canavan, JJ.

Case tried to *Roberts, J.*

*Adlow, C. J.* Action of contract to recover a deposit of $500.00 given on account of an agreement to purchase real estate. On October 22, 1959 an agreement was made by Norman Swartz (the buyer) and Harry Sher (the seller) in which it was agreed that the seller would convey to the buyer property located at 341 South Main Street, Sharon, for a purchase price of $13,100.00, the papers to pass at the Norfolk Registry of Deeds on or about November 6, 1959 at 11 a.m. The agreement provided that the buyer was to receive "a

quitclaim deed which shall convey a good and clear record and marketable title". At the time of the execution of this agreement a deposit of $500.00 was paid by the buyer as provided by the agreement.

On the date of the execution of the above agreement title to the property stood in the name of Lorraine Alyce Jacobson who acquired the property as grantee in a deed dated June 30 1958 from George L. Harwood and Edward A. Anderson, Trustees under a Declaration of Trust known as the Harwood Realty Trust which deed was recorded on July 1, 1958 in Norfolk County Registry in book 3648, page 107.

The Harwood Realty Trust was a so-called Massachusetts Trust with transferable shares. It was created under an instrument dated July 31, 1956 and recorded in the Norfolk County Registry of Deeds, book 3516, page 407. The Declaration of Trust was offered in evidence, and it was agreed by the parties that the instrument contained no mention or recital of the fact that shares or certificates representing shares had, in fact, been issued; nor that any instrument indicating the issuance of such shares or certificates had been recorded prior to the time of passing papers on November 6, 1959. Before the time of passing papers arrived counsel for the buyer advised the seller that in his opinion title to the property was not "a good and clear record and marketable". There was evidence from Isaac Horenstein who qualified as an expert

in real estate law, to the effect that in his opinion the title was defective and not marketable for the reason that there was nothing on record at the Norfolk County Registry of Deeds at the time provided for passing papers which indicated that shares or certificates representing transferable shares had, in fact, been issued by the trustees of the Harwood Realty Trust.

The court found that "the title in issue was not a good and clear record and marketable title as called for in the sales agreement." There was a finding for the plaintiff. The defendant being aggrieved by the refusal of the court to rule that "there is insufficient evidence to warrant finding the title in issue was other than a good and clear record and marketable title" brings this report.

Certain requests for rulings filed by the defendant were based on the assumption that beneficial interest shares had in fact been issued by the trustees, but the court ruled that there was no evidence that the issuance of said shares was recorded at the Norfolk Registry of Deeds. In the absence of said recording the sole issue raised by the report is whether the title as revealed by the records is a marketable title.

Unless the defendant could deliver a good and marketable title the plaintiff was entitled to a return of his deposit. *Strumskis v. Tilenas,* 268 Mass. 550, 553. Whether the title was good and marketable raised an issue of fact. *Cleval v. Sullivan,* 258 Mass. 348, 351, and

the burden was on the seller to show that the title was good beyond a reasonable doubt. The doubt must be such as would cause a prudent man to pause and hesitate before investing his money. *First African Methodist Episcopal Society v. Brown,* 147 Mass. 296, 298.

In the cause under review the defect upon which the buyer relies to excuse performance derives from the absence from the records of evidence that beneficial shares in the trust had ever been issued. Unless such certificates were actually issued the so-called trustee holds the land free of trust. In fact he is the sole owner. *Kaufman v. Federal Nat. Bank,* 287 Mass. 97, 98. The exact nature of the trustee's title will depend on the circumstances under which he acquired it. It has been said that where title has passed to trustees to hold for future holders of beneficial shares, the transferees hold the land upon a resulting trust for the transferors until such certificates are issued. *Scott on Trusts,* 808, §112. It necessarily follows that a record disclosing title in a trustee places on one who would acquire such title the burden of ascertaining the actual facts at his peril. *Dailey v. Doherty,* 237 Mass. 365, 370. It has been ruled that where one took an assignment of a note and mortgage to himself as trustee, the form of the assignment made necessary further inquiry as to whether the mortgage had been discharged and constituted a cloud on the title. *Sturtevant v. Jaques,* 14 Allen 523. While it is true that

Mr. Justice Holmes in *Swasey v. Emerson,* 168 Mass. 118 said that the word "trustee" under the recording act is not notice that there is a trust but that there might be one, and that such a feature of the title is not a defect, a later court sustained the challenge to the marketability of a title held by one as trustee. *Cleval v. Sullivan,* 258 Mass. 348. In view of the decisions, it could hardly be said that one taking a title from a trustee where there is no clear-cut evidence to indicate that he holds as a trustee for beneficiaries or holds title as an individual is a good title beyond a reasonable doubt. In reaching this conclusion we have given consideration to the provisions of St. 1959, c. 294, §1 (G. L. c. 184, §25) concerning indefinite references. In construing this Act we must limit its operation to situations where the instrument which describes a person as trustee does not "set forth the terms of the trust." (St. 1959, c. 294, §1(3) ). In this record of title the Declaration of Trust is recorded, and the failure to state that beneficial shares have been issued creates a doubt with respect to the existence of the trust.

We find no error in the court's rulings.

*Report dismissed.*