*Southern District*

**HENRY K. COBB ET AL**

v.

**JAMES A. TRACY ET AL**

*Present:* Nash, P. J., & Callan, J.

Case tried to *Kalus, J.,* in the Second District Court of Plymouth (Hingham). No. 30218.

*Callan, J.* Action of contract in which the plaintiffs seek to recover a deposit made under an agreement for the sale of land.

Upon a case stated, it appears that on *September* 17, 1960, the plaintiffs and the defendants signed a written agreement by the

terms of which the defendants agreed to sell and the plaintiffs to buy certain real estate with the buildings thereon known as 551 West Water Street in the town of Rockland, Massachusetts; that the plaintiffs paid to the defendants the sum of $200.00 as a deposit under said agreement; that the defendants agreed to convey said property on *November* 17, 1960, by "a good and sufficient deed . . . a good and clear record and marketable title thereto free from encumbrance . . ."; that there was prior to and at the time of the signing of the agreement and on *November* 17, 1960, and at the time of the trial a drainage pipe 12 inches in diameter running through the land of the defendants, part of which pipe was underground and part on the surface; that this drainage pipe had been in and on said land of the defendants for at least seven years prior to the time of the signing of the agreement of sale; that said drainage pipe had been used by the town of Rockland for at least seven years to carry off excess surface waters and that the Board of Health of the town of Rockland had added an extension to said pipe at least seven years ago; that the plaintiffs in writing notified the defendants prior to the time title was to be conveyed that they would not purchase the property because of the existence of this drainage pipe through the land of the defendants.

There was no evidence as to who installed the drainage pipe or how long it had been used prior to seven years ago. There was no

evidence that the right to maintain this drainage pipe was recorded anywhere.

The plaintiffs inspected the premises before the agreement was signed and saw the drainage pipe.

The defendants did nothing from the time they signed the agreement until the time of trial to remove or have removed the drainage pipe.

The plaintiffs filed requests for rulings, some of which were denied. In acting on two of the requests, the judge filed the following memorandum of findings of facts.

> "The Court rules that the drain pipe located in part on the defendants' land did not render the defendants' title unmarketable. The Court finds, if material, that the plaintiffs saw this pipe in its existing location on the defendants' land when they examined the premises before the agreement to purchase was executed."

Claiming to be aggrieved by the denial of their requests and to the quoted ruling of the judge, the plaintiffs claim a report to this Court.

■ The plaintiffs' requests for rulings have no standing in this case.

■ The duty of the Court is to enter proper judgment since the facts and the law are separated. *Howland v. Stow,* 290 Mass. 142, 146; *Antoun v. C.,* 303 Mass. 80; *Redden v. Ramsey,* 309 Mass. 225, 227; *Associates Discount Corp. v. Gillineau,* 332 Mass. 490, 491.

■ The only question presented is

whether the defendants' title to the land was a marketable title. In the late case of *Mishara v. Albion,* —— Mass. —— wherein the plaintiff sought recovery of a deposit for the sale of land, the Court stated on page 84,

"The test of marketability is whether the title is good beyond a reasonable doubt. *Cleval v. Sullivan,* 258 Mass. 348, 351; *Conley v. Finn,* 171 Mass. 70, 72; *Chauncey v. Leominster,* 172 Mass. 340, 346; *Sullivan v. F. E. Atteaux & Co. Inc.,* 284 Mass. 515, 520; *Oliver v. Poulos,* 312 Mass. 188, 191. The doubt is "such as would cause a prudent man to pause and hesitate before investing his money." *First African Methodist Episcopal Soc. v. Brown,* 147 Mass. 296, 298. The title must be "free from obvious defects, and substantial doubts." *O'Meara v. Gleason,* 246 Mass. 136, 138. But a mere possibility of a defect in title will not relieve the purchaser from liability under his contract. *Ryder v. Garden Estates, Inc.,* 329 Mass. 10, 12, and cases cited."

As was also stated in the case of *Jeffries v. Jeffries,* 117 Mass. 184, 187 and restated in *Guleserian v. Pilgrim Tr. Co.,* 331 Mass. 431:

"It is not necessary that the buyer should satisfy the court that the title is defective so that he ought to prevail at law; it is enough if it appears to be subject to adverse claims which are of such a nature as may reasonably be expected to expose the purchaser to controversy to maintain his title, or rights incident to it. He ought not to be subjected, against his agreement or consent, to the

necessity of litigation to remove even that which is only a cloud upon his title."

A *marketable · title* is not one which guarantees no possibility of litigation attacking the title. The registry of deeds records do not reveal any easement in this case. This case is unlike *Siegal v. Shaw,* 337 Mass. 170 wherein the premises were subject to a public sewer easement. In the case in issue, there is no recorded evidence of any drainage easement and although the plaintiffs knew of the drainage line at the time the agreement was executed, this is irrelevant under the parole evidence rule. *Harlow v. Thomas,* 15 Pick. 66, 69; *Spurr v. Andrew,* 6 Allen 420, 422; *Queenin v. Blank,* 268 Mass. 432.

The question whether the defendants' title was clear was one of fact with the burden on the plaintiff to prove that the defendants' title was not good beyond a reasonable doubt, and the defendants did not have a marketable title. *Cleval v. Sullivan,* 258 Mass. 348, 351. It is to be proved by the preponderance of the evidence.

On the evidence the judge could have concluded that the likelihood of anyone having an easement of drainage by an unrecorded instrument was remote; that any prescriptive right or easement was also remote where there was no evidence of the existence of the drainage pipe prior to seven years ago; that there were no doubts existing which would render the title unmarketable merely because of the existence of the drainage pipes

over the land of the defendants or which would create a reasonable probability that the plaintiffs would be subjected to litigation.

We perceive no error and *the report is ordered dismissed.*

Max L. Rubin of Boston, for the Plaintiffs cited *Rubenstein v. Hershon,* 259 Mass. 288, 294; *Conley v. Finn,* 171 Mass. 70; *Arovan v. Fairbanks,* 216 Mass. 215.

John A. Vitale of Rockland, for the Defendants.