CHIEF JUSTICE SIMPSON
delivered the opinion of tiie court:
The bond upon which this action was brought was executed on the 11th of March, 1854, by J. E. Haynes as principal, and W. F. Lane as his security. It stated on its face that Haynes was the proprietor of the Pickett tobacco warehouse, and was conditioned for the performance by him of all the provisions of the act of assembly which established tobacco inspectors in thePcity of Louisville, approved January 2d, 1852.
Just two days before this bond was executed, an amendatory act had been passed by the legislature, requiring the proprietors of warehouses to execute a bond in the penalty of five thousand, instead of two thousand dollars, as required by the previous act; and also requiring the bond to be conditioned for the performance, by the proprietor, of all the provisions of the, latter act.
The surety contends, that as the bond was taken- under the original, and not under the amendatory act, as it should have been, it is invalid, and unobligatory upon him.
As it does not conform to the law which was in force at the time of its execution, it is not good as a statutory bond. But as it is conditioned for the performance of substantially the same duties which would have been imposed on the proprietor by the execution of such a bond as was required by the amendatory act — -as the penalty is smaller than was authorized — as it was executed voluntarily, and is not against the policy of the law, it is clearly good and obligatory on the parties as a common law bond. (2 Litt., 310, 313 ; 3 Mon., 342; 2 J. J. Marshall, 418; 5 Dana, 224.)
It is, however, contended by the appellant, that as the writing sued upon is not a valid statutory bond, the plaintiff not being a party to it, cannot maintain an action upon it in his own name as plaintiff, even if it be obligatory as a common *413 law bond, but that the action should be in the name of the commonwealth, to whom the bond is executed.
By the provisions of both the original and amendatory acts referred to, it was made the duty of the proprietor of the warehouse to collect and pay over to the owner the money arising from the sales of tobacco. This duty the bond sued upon bound him to perform. The plaintiff had a right, therefore, to sue upon the bond for the breach of its condition in the failure of the proprietor to pay over to him the money for which his tobacco had been sold. Under the former system of pleading-, the action must have been brought in the name of the commonwealth, for the use and benefit of the plaintiff. But the Code of Practice has changed this rule of pleading, by requiring every action to be prosecuted in the name of the real party in interest. The plaintiff was the person injured, and the real party in interest, and therefore had a right to bring the action on the bond in his own name.
The security in the bond alleged in his answer that Playnes, his principal, when it was executed by him, was only the lessee of the Pickett warehouse — that his lease had expired, and he had surrendered up the warehouse to the owners — and had, at a different and subsequent date, re-rented said warehouse, and again became the proprietor thereof — and that it was under and during the latter proprietorship that plaintiff’s transaction took place on which this action was predicated.
A demurrer to this part of the answer was sustained by the court; and it is now. contended that the answer presented a good defense, because the bond executed by the surety should not be construed to be obligatory upon him any longer than his principal remained the proprietor of the warehouse by virtue of the title under which he held it at the time the bond was given.
If the lessee of a warehouse who has executed a bond as the proprietor, should, at the termination of his lease, surrender the possession to the lessor, and, immediately thereafter, in the course of a few days, take a new lease, enter into the possession, and continue to act as proprietor without the execution of a new bond, the bond he had previously executed *414 would remain obligatory on him and his securities. The operation of the bond is not restricted by its terms to any limited period, but they are sufficiently comprehensive to bind the obligors therein whilst the principal continues to act as proprietor, whether by vii'tue of the title under which he then held, or of a title which he subsequently acquires. What the effect would be if a considerable interval of time was permitted, to elapse between the termination of the first and the commencement of the second lease, we are not called upon in this case to decide. The length of the time is not specified in the answer, and consequently in deciding upon the validity of the defense, the time only which must have necessarily intervened, according to the allegations of the answer, between the termination of the first and the commencement of the second lease, must be regarded as the actual time that did intervene. Under this construction, the second lease must be regarded as having commenced the day after the termination of the first,so that there may not have been, according to the allegations of the answer, any visible or substantial change either in the possession or proprietorship of the warehouse.
The act of 1852, under which the bond was executed, as well as the act of 1854 on the same subject, provides that the owner or proprietor of a warehouse shall have the right to close or discontinue his warehouse at pleasure, after having given a written notice to the city council of such intention sixty days before the time fixed by him for closing it. He has no right to close it until such notice is given; and if he should do so, he would be liable on his bond for any injury which might result from the act. No distinction is made between a temporary and a permanent owner. The provision applies equally to both. The temporary owner, if he intend to discontinue his proprietorship at the termination of his lease, or at any other period, must notify the city council of such intention, in order that they may require the new proprietor, if there should be one, to execute the requisite bond. The bond sued upon was conditioned for the performance of all the duties imposed by the act of 1852, and consequently bound the proprietor to give such a notice as therein required. For any *415 injury arising from the failure to perform that duty the obli-gors would be responsible, even if Haynes had ceased to occupy the warehouse as proprietor. As, however, he continued to use it, and did not notify the city council that he intended to cease to act as the proprietor thereof, the bond sued upon still remained obligatory on the parties. The demurrer was therefore properly sustained.
Wherefore, the judgment is affirmed.