GERALD J. TRAMONTOZZI *vs.* ROCCO D'AMICIS.

Middlesex.    May 7, 1962. — June 8, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Contract*, For sale of real estate.   *Real Property*, Marketability.   *Notice. Evidence*, Presumptions and burden of proof.   *Words*, "Record title," "Actual notice."

In an action by the buyer under a contract for sale of real estate against the seller to recover the plaintiff's deposit on the ground that the defendant was unable to convey "a good and clear record and marketable title . . . free from encumbrances," as provided in the contract, by reason of an alleged unrecorded mortgage on the premises, the burden was on the plaintiff to prove that the defendant had actual notice of such mortgage within G. L. c. 183, § 4, as amended.   [517]

A mere reference to an unrecorded mortgage on premises of a decedent in the probate inventory filed in his estate in the registry of probate did not constitute "actual notice" of the mortgage to a subsequent purchaser of the premises within G. L. c. 183, § 4, as amended, and the purchaser was not precluded by such reference from conveying "a good and clear record and marketable title . . . [to the premises] free from encumbrances" as required by a contract of sale made by him.   [516–517]

CONTRACT.   Writ in the Third District Court of Eastern Middlesex dated January 6, 1959.

The action was heard by *Parker*, J.

*William E. Hays (David W. Hays* with him) for the defendant.

No argument nor brief for the plaintiff.

SPIEGEL, J.   This is an action of contract to recover a deposit made by the plaintiff under a contract to purchase land and buildings owned by the defendant and located at

107 Adams Street, Lexington. The case was tried in the District Court where there was a finding for the plaintiff. The defendant claimed to be aggrieved by the denial of certain of his requests for rulings, the granting of certain of his requests with reservations, and certain findings of the trial court. The case was reported to the Appellate Division. The defendant appeals from the order of the Appellate Division dismissing the report.

The evidence is herewith summarized. The contract of purchase and sale was entered into on September 13, 1958, at which time a deposit of $500 was made. The premises were to be conveyed on November 12, 1958, "by a good and sufficient deed conveying a good and clear record and marketable title thereto free from encumbrances" with certain exceptions not here pertinent. There were also provisions that, "[i]f the seller shall be unable to give title or to make conveyance as . . . stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease"; and, "[i]f buyer is unable to pass papers on or before November 12, 1958, their [*sic*] deposit is to be forfeited."

In 1913 a previous owner of the premises died and in the probate of his estate on March 25, 1913, an inventory was filed in the Middlesex probate registry which listed the premises in question with the following notation: "estate on Adams Street subject to the following mortgages, Mrs. C. G. Wiswell, $3,000.00; Mrs. E. S. Smith, $1600.00; Cambridge Savings Bank, $400.00." There is no record in the appropriate registry of deeds of the Smith mortgage. There is no evidence that such a mortgage is still outstanding nor, indeed, is there any evidence that such a mortgage was ever executed.

The heirs of the owner who died in 1913 "conveyed the fee to one Burnham, and following mesne conveyances, the defendant acquired the title."

The trial judge found that, "[o]n the facts, . . . there is actual notice of a previous mortgage"; and that "even if it should be decided that the notice of the mortgage in the in-

ventory was not sufficient to give the parties actual notice, it raises a sufficient doubt so that the defendant can not give a clear record, as called for in the agreement.''

The judge denied the defendant's requests for rulings numbered 2 and 4. These requests were as follows: ''2. A purchaser of real estate with no actual knowledge of a mortgage not recorded in the Registry of Deeds but referred to in the probate inventory of an estate of a prior owner of the real estate is, so far as the unrecorded mortgage is concerned, a [b]ona [f]ide purchaser, and does not hold subject to said unrecorded mortgage. . . . 4. Reference to a mortgage outstanding against certain real estate, the reference being noted on the probate inventory of the estate of the record owner, said inventory being filed in the Probate Registry for the county where the real estate is located, does not constitute actual notice so as to bind a purchaser who in fact does not know of such mortgage.''

The defendant's requests numbered 1 and 8 were as follows: ''1. A mortgage referred to in the probate inventory, filed in the Registry of Probate in connection with the probate of the estate of the record owner of the real estate covered by said mortgage, is not by reason of such reference a recorded mortgage within the meaning of G. L. c. 183, § 4. (Recording Statute) . . . 8. The words 'actual notice' in G. L. c. 183, § 4, require notice or knowledge of the unrecorded instrument.'' Request numbered 1 was granted with the reservation that ''this case is covered by the provision in G. L. c. 183, § 4, dealing with actual notice.'' Request numbered 8 was granted with the reservation that ''notice or knowledge is a question of fact. Further in this case the issue is, — was the record furnished a clear record.''

The issue before us is whether the reference to an unrecorded mortgage appearing in the 1913 probate inventory prevents the defendant from giving a good and clear record title.

''A good and clear record title free from all incumbrances means a title which on the record itself can be again sold

as free from obvious defects, and substantial doubts."
*O'Meara* v. *Gleason,* 246 Mass. 136, 138. *Oliver* v. *Poulos,*
312 Mass. 188, 192–193. *Ashkenazy* v. *R. M. Bradley & Co.
Inc.* 328 Mass. 242, 245–246. Such title "rests on the rec-
ord alone, which must show an indefeasible unencumbered
estate." *O'Meara* v. *Gleason, supra,* 138. *Cleval* v. *Sul-
livan,* 258 Mass. 348, 351. *Sullivan* v. *F. E. Atteaux & Co.
Inc.* 284 Mass. 515, 520.

Under our recording statute (G. L. c. 183, § 4, as appear-
ing in St. 1941, c. 85), an unrecorded mortgage is invalid
as against third parties who do not have "actual notice"
of it. The unrecorded Smith mortgage cannot be asserted
as adversely affecting the defendant's title unless it is
shown that he had actual notice of it. The plaintiff, being
the party relying upon an alleged unrecorded mortgage, has
the burden of proving that the defendant had actual notice
of such a mortgage. *Hughes* v. *Williams,* 229 Mass. 467,
470. *McCarthy* v. *Lane,* 301 Mass. 125, 129. See *Mishara*
v. *Albion,* 341 Mass. 652, 655. "The 'actual notice' of the
statute has been construed with considerable strictness.
. . . Knowledge of facts which would ordinarily put a
party upon inquiry is not enough." *McCarthy* v. *Lane,
supra,* 128.

The sole basis for the judge's finding of actual notice is
the existence of the reference to the Smith mortgage ap-
pearing in the probate inventory. The mere existence of
such reference cannot constitute "actual notice" within the
meaning of the recording statute.

It was error to rule that the defendant was unable to give
good and clear record title because of the reference to an
unrecorded mortgage in the 1913 probate inventory. The
defendant's requests for rulings numbered 1 and 8 should
have been granted without reservation and his requests
numbered 2 and 4 should have been granted.

The order of the Appellate Division is reversed. Judg-
ment is to be entered for the defendant.

*So ordered.*