FRANCIS RICHARDSON & others *vs.* LEE REALTY CORPORATION
& another.

Essex.     November 7, 1973.—February 22, 1974.

Present:   TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Bona Fide Purchaser. Notice. Real Property,* Sale on execution. *Executor
and Administrator,* Real estate of decedent. *Land Court,* Case stated,
Appeal.

On appeal from a decision by the Land Court on a case stated, this court
deals with the case anew, unaffected by any conclusions of law or in-
ferences drawn by the judge. [634]

One, whose title to real estate formerly of a decedent was derived from a
sheriff's sale, pursuant to G. L. c. 236, § 53, on execution in an action
by a creditor of the decedent against the executor of his will, was not put
on notice or under duty of inquiry as to any collusion or other im-
propriety invalidating the sheriff's sale, or precluded from being a
bona fide purchaser of the real estate, by the facts that the creditor filed
no claim in the decedent's estate, that, although the creditor's action
was commenced prematurely within six months of the executor's giving
bond, service was accepted by the executor and an agreement for judg-
ment for the creditor in the amount of the ad damnum of the writ was
entered into but not filed for some four months, that about eleven
months after the sheriff's sale the executor filed a petition to sell the real
estate, alleging a purchase offer in an amount substantially in excess of
the amount for which the real estate was sold at the sheriff's sale, that
the real estate had been willed by the decedent to a devisee, subsequently
deceased, whose executor assented to the petition to sell, and that the
same attorney acted as executor and counsel in both estates. [634-639]

WRIT OF ENTRY filed in the Land Court on July 7, 1969.

The case was heard by *Randall,* J.

*John J. Jennings* for the tenants.

*Burton S. Friedman* for the demandants.

WILKINS, J. This writ of entry, to recover possession of a
parcel of land in Danvers, was heard in the Land Court on a
statement of agreed facts which we construe to be a case
stated. See *Caissie* v. *Cambridge,* 317 Mass. 346, 347 (1944).
The judge ruled that the demandants were unjustly disseized

by the tenants and ordered judgment for the demandants. The tenants have appealed under G. L. c. 231, § 96.

The demandants assert ownership of the subject parcel (the premises) by successive inheritances. On July 29, 1963, John W. Viel died leaving the premises by will to Albert P. Richardson of Danvers. In September, 1963, Richardson died leaving a will which gave the premises to Ruby Morse of Woburn. In October, 1967, Ruby Morse died leaving any interest she may have had in the premises to the demandants.

The tenants claim their title by mesne conveyances following a sheriff's sale of the premises at public auction on November 22, 1966, to Albert O. Viel (Albert). Albert had sued the executor of the estate of John W. Viel in the Superior Court of Essex County on July 14, 1964, within six months of the date (January 24, 1964) on which John W. Viel's executor had given his bond. Service was accepted by John W. Viel's executor. The ad damnum was $10,000; the claim was for services rendered. No claim was filed by Albert in the estate of John W. Viel. The case was transferred to the First District Court of Essex. See G. L. c. 231, § 102C, as amended. On July 15, 1966, an agreement for judgment for Albert, dated March 18, 1966, in the sum of $10,000 was filed in that court. Execution issued. In August, 1966, a deputy sheriff purported to seize all the right, title and interest of the executor of the estate of John W. Viel in the premises. On November 22, 1966, the sheriff's sale, previously mentioned, followed at which Albert purchased the premises for $10,167.90.

On October 30, 1967, within one year of the sheriff's sale, the executor of the estate of John W. Viel filed in the Essex County registry of probate a petition to sell the premises, alleging an offer of $17,500. That petition acknowledged a $10,000 debt to Albert. The executor of the estate of Albert P. Richardson assented to the petition. The same attorney acted as executor and counsel for the estates of John W. Viel and Albert P. Richardson. He also acted as counsel for the estate of John W. Viel in the $10,000 contract action which Albert brought against him as executor. The petition to sell

was never allowed, nor, as far as appears, has it ever been presented for allowance.

Following two intermediate conveyances, on January 6, 1969, the tenant Lee Realty Corporation took a deed to the premises subject to a mortgage, also dated January 6, 1969, held by the other tenant who has a continuing interest in the premises.

Because this appeal arises from a decision on a case stated, we deal with it anew, unaffected by any conclusions of law or inferences drawn by the judge in the Land Court. *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130 (1964). *Mahony* v. *Assessors of Watertown,* 362 Mass. 210 (1972).

The interest which the demandants assert in the premises came to them by the terms of wills which are matters of public record in appropriate registries of probate. That interest may be upset, however, if the tenants as successors to the purchaser at the sheriff's sale took their interests in the premises without such notice of any circumstance as would destroy their status as bona fide purchasers.

Although the demandants do not challenge the procedures by which the sheriff's sale was conducted, pursuant to the apparent authorization contained in G. L. c. 236, § 53, they do claim that there was sufficient information disclosed in various public records so as to defeat any claim by the tenants that they were bona fide purchasers of the property. Before turning to an analysis of the various circumstances notice of which the demandants assert destroys the tenants' bona fides, we consider what the demandants must establish in order to prevail.

A person claiming that another is not a bona fide purchaser has the burden of proof. See *Tramontozzi* v. *D'Amicis,* 344 Mass. 514, 517 (1962), and cases cited. If we were concerned here with an unrecorded instrument of which it were claimed a subsequent purchaser had notice, knowledge of facts which might arouse suspicion would not be sufficient to destroy the bona fides of the subsequent purchaser. G. L. c. 183, § 4, as appearing in St. 1941, c. 85. *Toupin* v. *Peabody,* 162 Mass. 473, 478 (1895). *McCarthy* v.

*Lane,* 301 Mass. 125, 128-129 (1938). Actual notice of an unrecorded instrument is required, and actual notice has been strictly construed. *General Builders Supply Co.* v. *Arlington Co-op. Bank,* 359 Mass. 691, 697 (1971). Strict construction of actual notice may be justified in part because the holder of an unrecorded instrument could protect himself simply by recording it in the appropriate registry of deeds. Here the demandants, who inherited whatever interest they may have in the premises well after the sheriff's sale, have not been shown to be remiss in any respect.

Notice requirements are also a consequence of the intent of the registry laws to establish a record system on which purchasers can rely. "[P]urchasers should not be required to look beyond the registry of deeds further than is absolutely necessary." *Swasey* v. *Emerson,* 168 Mass. 118, 120 (1897). In our decisions concerned with notice of circumstances disclosed of record we have indicated that no duty of inquiry results from the recital of a fact or facts which might or might not, according to the circumstances, be consistent with fraud or other disabling circumstance. See *Norman* v. *Towne,* 130 Mass. 52, 54 (1880); *Livingstone* v. *Murphy,* 187 Mass. 315, 320 (1905); *Mishara* v. *Albion,* 341 Mass. 652, 658-659 (1961).

We need not decide here whether the strict standard of actual notice applicable as to unrecorded instruments pursuant to G. L. c. 183, § 4, is applicable to matters disclosed of record but not within the scope of that section. It is sufficient here to conclude that no duty of inquiry exists when there are matters of record which are at most ambiguous concerning some possible impropriety which, if it were known by the purchaser to exist, would affect his title. In our opinion the facts of record in this case are insufficient to put the tenants on notice of any impropriety or to create any duty of inquiry.

The demandants rely on the conduct of the executor of the estate of John W. Viel, apparent in public records, to support their claim that the tenants were not bona fide purchasers. This conduct relates particulatly to the action

against the Viel estate and to the circumstances of the license to sell the premises which was filed approximately eleven months after the sheriff's sale.

The judge concluded that the sheriff's deed was invalid because the circumstances showed a disinterest on the part of the executor of the estate of John W. Viel "that can only be characterized as a violation of fiduciary responsibility." He pointed out that the tenants were "bound by the record title which shows probates and the petition for a license to sell almost a year after the sheriff's deed."

As to the action against the Viel estate, the demandants point to the following facts: The creditor, Albert O. Viel, filed no claim in the estate of John W. Viel; the executor of the estate of John W. Viel accepted service of the writ; he later agreed to judgment in the amount of the ad damnum; the agreement for judgment was not filed until approximately four months after it was apparently executed; and the procedure of acquiring title pursuant to a sheriff's sale circumvented the normal practice of disposing of real estate pursuant to a license to sell, issued by a Probate Court after notice to interested parties. To these circumstances, although not relied on by the demandants or by the judge in his decision, we would add the fact that suit was brought against the estate within six months of the date of approval of the executor's bond.[1]

We will accept for the purposes of this case the demandants' argument that a purchaser is constructively on notice of facts appearing in the papers on file in a law suit which led to the execution on which a sheriff's sale is based. See *Colonial Bank & Trust Co.* v. *Sheehan,* 357 Mass. 239, 242 (1970). We do not, however, find in the facts relating to the law suit any indication of misconduct which would constitute notice of any wrongdoing which would invalidate the

[1] At the relevant time no action should have been brought against the John W. Viel estate until after six months from the date of the giving of the executor's bond. See G. L. (Ter. Ed.) c. 197, § 1. See now, as to estates of persons dying on or after January 1, 1970, G. L. c. 197, § 1, as appearing in St. 1969, c. 493, § 1, permitting an action against an estate after three months from the giving of the bond. If, however, an action is brought prematurely and no objection is raised by the defendant, the defect may be treated as waived because it is not jurisdictional. See *Castaline* v. *Swardlick,* 264 Mass. 481, 484 (1928); *Gallo* v. *Foley,* 296 Mass. 306, 310 (1936).

sheriff's sale. Acceptance of service of the writ, failing to raise the prematurity of the commencement of the action, agreeing to judgment in an amount equal to the ad damnum (but exclusive of interest) and a delay in the filing of the agreement for judgment do not put one on inquiry as to possible collusion. Nor standing alone, do these facts establish fiduciary impropriety which would make a sale on levy of an execution improper. See *Byron* v. *Concord Natl. Bank,* 299 Mass. 438, 441-442 (1938). There may have been no defence to the claim, and, if there was none, a contest of the matter through trial would not have been justified. If we were to hold that a subsequent purchaser took title in such circumstances subject to whatever facts might on investigation be revealed concerning the settlement, a purchaser could never fairly rely on a sheriff's sale based on an execution issued following settlement of a law suit.

From the obvious circumstance that the executor of the estate of John W. Viel did not contest Albert's claim vigorously at all stages, the demandants ask us to hold that the sheriff's sale pursuant to G. L. c. 236, § 53, did not give good title to the purchaser at that sale. They argue that we should interpret G. L. c. 236, § 53, as did the judge in the Land Court, to be applicable only where the executor is obstinate, for example, where he is unwilling to petition for a license to sell the real estate. Section 53 of G. L. c. 236, which is set forth in the margin,[2] contains no such limitation. There is no support for such a limitation in any of our cases. The intimation is to the contrary in *Tracy* v. *Strassel,* 191 Mass. 187, 188 (1906), discussing a predecessor of G.L. c. 236, § 53. We decline to place on each purchaser at a sheriff's sale pursuant to § 53 the burden of determining at his peril that the representative of the estate was sufficiently obstinate so that he exceeded some undefined level of contentiousness.

[2] "'Land of a deceased person which has not been sold and conveyed, by deed duly recorded, by the executor or administrator of such deceased person under a license from the probate court or under a power of sale contained in the will of the deceased, may be taken on execution on a judgment against his executor or administrator for the debt of the deceased, for the costs of the action against him if the executor or administrator has not appeared therein, and for the fees and charges of the levy, and such land shall be appraised and set off or sold, in like manner as if execution had been levied against the deceased in his lifetime.'"

The demandants next argue that the sheriff's sale was obviously illegal because the executor of the estate of John W. Viel petitioned for a license to sell the premises approximately eleven months after the sheriff's sale, disclosing an offer to purchase the premises for $17,500. They argue that the very fact that the petition for a license was filed shows that the executor had substantial doubts about the validity of the sale. There is no explanation of the reason for the filing of the petition for a license to sell. We note that it was filed within the one-year period during which title to the premises could have been redeemed. G. L. c. 236, §§ 54 and 33. Perhaps an offer to purchase was extended but the anticipated agreement fell through before the petition could be presented for allowance. The fact of its filing was not notice of a possible defect in the sheriff's sale. Cf. *Tramontozzi* v. *D'Amicis,* 344 Mass. 514, 517 (1962). Nor do we find that any duty to inquire concerning a defect in the sheriff's sale arose because the petition alleges that an offer was made in the fall of 1967 to purchase the premises for $17,500 when the premises had been purchased almost a year earlier at the sheriff's sale for slightly more than $10,000. The fair market value of the premises at various times does not appear in the statement of agreed facts.[3]

The case of *Goddard* v. *Divoll,* 1 Met. 413 (1840), relied on by the judge and the demandants, is not in point. There an administrator through a nominee had collusively acquired record title to land owned by his intestate by not defending a suit brought by his nominee against the estate and thus permitting the land to go to his nominee on levy of an execution. The adminstrator's nominee, the demandant, was clearly not a purchaser without actual notice of the collusive suit.

Viewing the facts collectively, including the various roles

---

[3]The probate inventory, which was filed on the same day as the petition for a license to sell the premises, showed real estate owned by John W. Viel at a value of $16,000. There is no indication, however, that the premises were the only real estate owned by John W. Viel at his death. But assuming that Viel owned no other real estate at his death, there was no actual notice of any impropriety in the sheriff's sale by reason of the price differential between the inventory amount and the amount of the purchase price at the sheriff's sale. The sheriff's sale occurred more than three years after the date of death of John W. Viel.

as executor and attorney played by counsel for the estate of John W. Viel and Albert P. Richardson, we do not find notice of any defect in the circumstances leading to the sheriff's sale, nor do we find circumstances which created a duty of inquiry. If, as the judge indicated in his decision, there was a violation of fiduciary responsibility by the executor of the estate of John W. Viel, it was not disclosed on the record in a way which constituted notice to the tenants. The demandants must seek whatever relief to which they may be entitled in some other way.

*Decision reversed.*
*Judgment for the tenants.*