Joseph **DUBROFSKY, DBA**
v.
Robert G. **MESSER, DBA**

**No. 8605**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 18, 1981**

George O. Gregson, Esq., for the plaintiff
Richard T. Torto, Esq., for the defendant

## OPINION

**FORTE, J.** This action for goods sold and delivered was commenced on September 2, 1976 in the Southern Essex Division of the District Court Department, removed to the Essex Superior Court and later transferred to the Southern Essex Division where it was submitted on a "Statement of Agreed Facts", as follows:

"1. On or about May 1, 1975, the authorized agent of the Defendant, ordered from the Plaintiff through a manufacturer's representative a shipment of one hundred and one (101) pool covers of various sizes, ninety-nine (99) of said pool covers were to be made of a solid fabric called "Durafab" and two (2) of said pool covers were to be made of mesh fabric called "Micromesh". The total purchase price on said purchase order was $4,323.74 and the payment terms were met September 1, 1975.

"2. On or about May 9, 1975, the Defendant received from the Plaintiff a statement entitled "Acknowledgment of Order" wherein there were listed one hundred and one (101) pool covers of various sizes, eighty (80) of which were described as being

made of the "micromesh" fabric and twenty-one (21) of which were described as being made of the "durafab" fabric. Said statement requested that the Defendant sign and return it to the Plaintiff.

"3. The Defendant did not return said statement entitled "Acknowledgment of Order" as requested by Plaintiff and, in addition thereto, on or about May 29, 1975, the Defendant caused a letter to be mailed, postage prepaid, to the Plaintiff at 375 Limestone Crescent, Downsview, Ontario, wherein he notified the plaintiff that the goods described in the "Acknowledgment of Order" were not the goods ordered and that he should ship the solid covers in accordance with the order.

"4. The Defendant received no response to said letter and on or about July 16, 1975, there was received at the Defendant's place of business a shipment of pool covers from the Plaintiff.

"5. Upon inspection of the shipment, the Defendant learned that it contained eighty (80) "micromesh" and twenty-one (21) "durafab" pool covers. The Defendant again notified the Plaintiff that the pool covers were not the pool covers ordered, were unacceptable and arrangements should be made for their return.

"6. The Plaintiff did not at any time contact the Defendant to make arrangements for the return of said goods.

"7. When the pool covers were received by the Defendant, he stored them in various locations.

"8. The pool covers were removed several times and some were ripped or torn in handling.

"9. The original purpose of buying the pool covers was to use them for promotional purposes with the sale of inground pools. A lot of the pool covers were given away.

"10. Some of the pool covers were sold by the Defendant.

"11. The defendant did not give away or sell any pool covers until 1976.

"12. On September 15, 1977, the Plaintiff's attorney inspected the pool covers at the place of business of the Defendant. Five (5) micromesh covers were piled outside and were torn and damaged. Twenty-two (22) covers of various types and sizes were found in boxes in the Defendant's sales office. All boxes were marked in ball point pen with a sales price. All prices on the boxes correspond with the prices the Defendant had originally noted on his copy of the purchase order for the covers in 1975 as the prices intended for the pool covers."

(Copies of the various correspondence above referred to were attached and made part of the Statement of Agreed Facts.)

The Court made the following finding:

"As the Agreed Statement of Facts did not limit the court to drawing any inferences, I have drawn the inferences necessary to make the following finding:

"I find for the plaintiff in the amount of $2,374.74 for those pool covers which he converted to his own use and either gave them away or sold them.

"I find for the defendant insofar as the remaining covers are concerned and find that he holds them and shall hold them for a period of 30 days within which plaintiff shall pick them up from

defendant, otherwise they shall be considered as abandoned."

Both parties appealed.

The case was heard solely on the above "Statement of Agreed Facts" and therefore was in fact a "case stated". **Hayes v. Lumbermans Mutual Casualty,** 310 Mass. 81 (1941). It is the duty of the judge to order the correct judgment upon a case stated. **Associates Discount Corp. v. Gillineau,** 322 Mass. 490 (1948).

The judge relied upon G.L. c. 231, sec. 126 to permit him to draw inferences of fact because the parties did not agree that no inferences should be drawn. However, c. 231, sec. 126 was repealed by St. 1973, c. 1114, sec. 205, effective July 1, 1974, prior to the commencement of this action.

On an appeal from a decision based upon a case stated, we deal with it anew, unaffected by any conclusions of law or inferences drawn by the trial judge. **Richardson v. Lee Realty Corp.** 364 Mass. 632 (1974).

Pursuant to G.L. c. 106, sec. 2-206(b), the defendant's order for one hundred one pool covers constituted an offer. The plaintiff's written acknowledgment materially altered the terms of the offer, which coupled with the defendant's subsequent rejection of the altered terms by letter of May 29, 1975, prevented the acknowledgment from serving as an effective acceptance. G.L. c. 106, secs. 2-207(2)(b) and (c).

The defendant's letter of May 29, 1975 restated the defendant's original order and requested shipment of the specified goods. The plaintiff's subsequent shipment of conforming and non-conforming goods constituted an acceptance of the defendant's order of May 29, 1975. G.L. c. 106, sec. 2-206(b).

The conformity consisted of twenty-three pool covers and the non-conformity consisted of seventy-eight covers. This entitled the defendant to accept or reject the delivery, in whole or in part. G.L. c. 106, sec. 2-601.

The defendant's letter of July 23, 1975 (within a week of delivery) constituted reasonable notice to the plaintiff of the defendant's rejection, G.L. c. 106, sec. 2-602(1), and requested the plaintiff to make arrangements as soon as possible to pick up the covers. The defendant's obligation was "to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them". G.L. c. 106, sec. 2-602(2)(b) and "the buyer has no further obligations with regard to goods rightfully rejected," G.L. c. 106, sec. 2-602(2)(c) except "to follow any reasonable instructions from the seller." G.L. c. 106, sec. 2-603(1).

The plaintiff-seller at no time forwarded instructions to the defendant-buyer. It was not until twenty-seven months after the letter of rejection that the plaintiff made any inquiry or inspection concerning the shipment. The defendant stored the goods for at least six months (more than a reasonable time under the circumstances) and thereafter did sell or give away some unknown quantity of unknown sizes. Such sale or gifts were inconsistent with the seller's ownership and would constitute an acceptance of such part of the shipment, see G.L. c. 106, sec. 2-601(c), and the defendant would be liable for such part at the sale price (which varied according to size and kind) of the order. However, the "statement of agreed facts" does not specify the number of units nor the sizes so accepted. Therefore, for such accepted units, the plaintiff is entitled only to nominal damages because he failed to satisfy his burden of proof as to the amount and sizes of the units accepted.

The finding for the plaintiff in the amount of $2,374.74 is vacated and a finding shall enter for the plaintiff in the amount of one ($1.00) dollar.