**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-88

UNITED STATES TAX COURT

CHRISTOPHER DEFRANCIS AND JENNIFER GROSS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24282-11S.                     Filed November 6, 2013.

Ronald P. Weiss, for petitioners.

Michael R. Fiore and Carlton W. King, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed. Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

In a notice of deficiency dated September 6, 2011, respondent determined a deficiency of $6,730 in petitioners' 2009 Federal income tax and a section 6662(a) accuracy-related penalty of $1,346. The issues for decision are: (1) whether petitioners are entitled to a home mortgage interest deduction in excess of the amount respondent allowed; and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty.

## Background

This case was submitted fully stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Massachusetts at the time the petition was filed.

On October 31, 2001, petitioners purchased real property at 41 Maynard Road in Northampton, Massachusetts (Maynard Road property), for $365,000.

On January 1, 2003, petitioners signed a document described as a "mortgage note" (mortgage note), promising to pay Joan Gross, petitioner Jennifer Gross' mother, $427,333 plus interest in return for a mortgage loan. The mortgage note provided that petitioners would pay monthly interest at an annual rate of 4.5%.

Petitioners' first monthly interest payment of $1,602.50 was due on February 1, 2003. The full principal amount of the mortgage note was due and payable on January 1, 2033.

On January 1, 2003, petitioners signed another document entitled "Mortgage" (mortgage). This document provided that petitioners are indebted to Joan Gross in the principal sum of $427,333. The document further provides that petitioners "hereby mortgage grant, convey and assign to * * * [Joan Gross] the property with an address of 41 Maynard Road". Petitioners and Joan Gross signed the mortgage document. The document is not notarized or recorded.

On September 8, 2008, petitioners signed a document entitled "Open End Mortgage" with TD Bank, N.A. (TD Bank mortgage). When they applied for the TD Bank mortgage, petitioners did not disclose the existence of their indebtedness to Joan Gross. The $200,000 TD Bank mortgage was secured by the Maynard Road property, and the mortgage was recorded with the Hampshire County Registry of Deeds on September 22, 2008.

During 2009 petitioners paid Joan Gross a total of $19,230. Petitioners treated the expenditure as a payment of home mortgage interest. In 2009 petitioners also paid interest on the TD Bank mortgage of $1,138. Petitioners

claimed a home mortgage interest deduction of $20,368 on their 2009 Schedule A, Itemized Deductions.

Respondent selected petitioners' 2009 Federal income tax return for examination. Respondent's agent noted that the home mortgage interest deduction petitioners claimed--$20,368--exceeded the amount reported to respondent on the Form 1098, Mortgage Interest Statement, from TD Bank, N.A. In a notice of deficiency respondent disallowed $19,230 of petitioners' $20,368 claimed home mortgage interest deduction. Respondent asserts that petitioners are not entitled to deduct the $19,230 under section 163(h). The $1,138 of home mortgage interest paid to TD Bank, N.A. and reported on Form 1098 is not in dispute. Respondent also determined an accuracy-related penalty under section 6662(a) of $1,346.

## Discussion

### I. Burden of Proof

The Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer generally bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The submission of a case fully stipulated does not alter the burden of proof. See Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), aff'd, 943 F.2d 22 (8th Cir. 1991).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have not alleged that section 7491(a) applies, nor does the record establish that petitioners satisfy the section 7491(a)(2) requirements. Petitioners therefore bear the burden of proof. See Rule 142(a).

Deductions are allowed solely as a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. at 115. A taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In other words, the taxpayer bears the burden of proving entitlement to the deductions claimed, and this includes the burden of substantiation. Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

II.     Home Mortgage Interest Deduction

As a general rule, a taxpayer may claim a deduction for "all interest paid or accrued within the taxable year on indebtedness." Sec. 163(a). Indebtedness

means an unconditional and legally enforceable obligation for the payment of money. Autenreith v. Commissioner, 115 F.2d 856, 858 (3d Cir. 1940), aff'g 41 B.T.A. 319 (1940); Linder v. Commissioner, 68 T.C. 792, 796 (1977).[1]

Section 163(h) prohibits an individual taxpayer from claiming a deduction for personal interest paid or accrued during the taxable year. One of the limited exceptions to this general rule permits individuals to deduct qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest is interest paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness with respect to any qualified residence of the taxpayer. See sec. 163(h)(3)(A). A qualified residence includes a taxpayer's principal residence. Sec. 163(h)(4)(A)(i)(I). The parties do not dispute that the Maynard Road property was petitioners' principal residence. The dispute is whether petitioners' payments constituted qualified residence interest. Petitioners contend that the amounts paid to Joan Gross in 2009 were "qualified residence interest" under section 163(h)(3).

---

[1]Where the transaction giving rise to the claimed indebtedness is between family members, the evidence presented to establish such a debt must be closely scrutinized for economic substance. See Woodward v. United States, 208 F.2d 893 (8th Cir. 1953); Wales v. Commissioner, T.C. Memo. 1978-125, aff'd without published opinion, 624 F.2d 195 (9th Cir. 1980). Respondent does not dispute the bona fide nature of the indebtedness.

Qualified residence interest is any interest paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness that is secured by the qualified residence of the taxpayer. Section 163(h)(3)(B) provides:

(i) In general.--The term "acquisition indebtedness" means any indebtedness which--

(I) is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer, and

(II) is secured by such residence.

Secured debt means:

a debt that is on the security of any instrument (such as a mortgage, deed of trust, or land contract)--

(i) That makes the interest of the debtor in the qualified residence specific security of the payment of the debt,

(ii) Under which, in the event of default, the residence could be subjected to the satisfaction of the debt with the same priority as a mortgage or deed of trust in the jurisdiction in which the property is situated, and

(iii) That is recorded, where permitted, or is otherwise perfected in accordance with applicable State law.

Sec. 1.163-10T(o)(1), Temporary Income Tax Regs., 52 Fed. Reg. 48417 (Dec. 22, 1987) (emphasis added).[2]

---

[2]While the parties focused solely on whether the debt was secured as

(continued...)

The mortgage agreement indicates that petitioners' interest in the Maynard Road property is specific security for the payment of the debt. See sec. 1.163-10T(o)(1)(i), Temporary Income Tax Regs., supra. The mortgage agreement states in part:

> To secure to Lender (a) the repayment of the indebtedness evidenced by the [mortgage] Note, with interest, thereon * * *. Borrowers do hereby mortgage grant, convey and assign to Lender the property with an address of 41 Maynard Road, Northampton, Massachusetts, and described in the Deed recorded in Deed Book 6411, Deed Page 90, of the Hampshire County Registry of Deeds.

On the basis of these documents we conclude that petitioners have satisfied the first element of a secured debt under the regulations. See id.

The mortgage note at issue was not recorded with the Hampshire County Registry of Deeds or with any other public office. Failure to record the mortgage

---

[2](...continued)

provided under sec. 163(h)(3)(B)(i)(II), the record presented in this fully stipulated case suggests that petitioners may have failed to satisfy the provisions of sec. 163(h)(3)(B)(i)(I), which requires that the indebtedness be incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer. The requirements of sec. 163(h)(3)(B) are conjunctive and require a taxpayer to satisfy both elements in order to be entitled to a deduction. See sec. 163(h)(3)(B). Since respondent did not assert or argue that petitioners did not satisfy the provisions of sec. 163(b)(3)(B)(i)(I), we do not opine on the issue. In any event, because of our conclusion infra on the second conjunctive test, the failure to discuss and analyze the other conjunctive test does not change the result herein. We address the secured debt element because this was the only section of the statute analyzed by either party.

exposes the mortgage to potential defeat by third parties without actual notice of the mortgage, who are protected by the Massachusetts recording statute. See Mass. Ann. Laws ch. 183, sec. 4 (LexisNexis 2011). In Massachusetts, an unrecorded mortgage is invalid as against third parties who do not have actual notice of it. Moore v. Gerrity, Co., Inc., 818 N.E.2d 213 (Mass. App. Ct. 2004) (finding that an unrecorded mortgage had priority over a recorded mortgage only to the extent that the lender had actual notice of the unrecorded mortgage); Tramontozzi v. D'Amicis, 183 N.E.2d 295 (Mass. 1962); see Mass. Ann. Laws ch. 183, sec. 4. In the event of a default, the unrecorded mortgage note would not be sufficient to subject the residence to the satisfaction of the debt with the same priority as a recorded mortgage because the unrecorded mortgage note is valid only against any third person having actual notice of it. Therefore, petitioners have not satisfied the second element of a secured debt under the regulations. See sec. 1.163-10T(o)(1)(ii), Temporary Income Tax Regs., supra.

Since the mortgage was not recorded, we consider whether the mortgage was otherwise perfected under Massachusetts law. See sec. 1.163-10T(o)(1)(iii), Temporary Income Tax Regs., supra. The mortgage may be valid and enforceable under State law as between petitioners and Joan Gross. See Mass. Ann. Laws ch. 183, sec. 4. Petitioners have not, however, established that the mortgage was

otherwise perfected under Massachusetts law. We are not persuaded that the mortgage qualifies as a secured debt for tax purposes simply because it may be valid under State law between Joan Gross and petitioners. Thus, petitioners have not satisfied the third element of a secured debt under the regulations requiring that the mortgage be recorded or otherwise perfected under applicable State law. See sec. 1.163-10T(o)(1)(iii), Temporary Income Tax Regs., supra.

In summary, petitioners have not established that their indebtedness to Joan Gross was a secured debt as defined under the regulations. See sec. 1.163-10T(o)(1), Temporary Income Tax Regs., supra.

On the basis of the foregoing, petitioners have not established that moneys paid to Joan Gross in 2009 were qualified residence interest. We therefore sustain respondent's determination in this regard.

III.  Accuracy-Related Penalty

Taxpayers may be liable for a 20% penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A

substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The underpayment of tax required to be shown on petitioners' return is the result of a substantial understatement of income tax because the understatement of $6,730, exceeds $5,000, which is greater than 10% of the tax required to be shown on the return. See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs. Respondent's burden of production has been satisfied.

The section 6662 accuracy-related penalty does not apply where the taxpayer shows that he acted in good faith and with reasonable cause. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith and with reasonable cause depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners contend that the loan from Joan Gross was a home mortgage loan and that they are therefore entitled to a home mortgage interest deduction. Respondent does not assert or imply that petitioners' loan from a family member was a fiction or otherwise fraudulent. The loan merely failed to satisfy the stricture of the regulations that the loan be a "secured loan". Petitioners, who are not tax experts, borrowed money from a family member in the form of a home mortgage loan and paid that family member a total of $19,230 in interest on that loan during 2009. In this circumstance, the requirement, for tax purposes, was highly technical, even requiring an inquiry into State law for purposes of determining the validity of the deduction. Thus, in this instance it would not have been apparent to petitioners from the mere fact that this interest was paid to a family member on a bona fide mortgage note that additional measures were necessary before claiming a home mortgage interest deduction.

We are satisfied that petitioners acted with reasonable cause and made a good-faith effort to determine their proper tax liability. Accordingly, petitioners are not liable for the accuracy-related penalty under section 6662 for tax year 2009.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent as to the deficiency and

for petitioners as to the addition to tax

under section 6662(a).