NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-815

SEAD LLC

vs.

ARCADIO FRANCISCO, JR.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Arcadio Francisco, Jr. (Arcadio Jr.[2]),

appeals from a default judgment entered against him in the Land

Court, stemming from Arcadio Jr.'s failure to timely respond to

the complaint filed by the plaintiff, SEAD LLC (SEAD), seeking

to quiet title to property SEAD had purchased from Arcadio,

Jr.'s parents.  Arcadio Jr. argues that the judge's denial of

his "motion to set aside the entry of default" constituted an

_____

[1] Defendants Arcadio Francisco, Sr., Ramona Francisco, Franchesca Francisco, and Zuleyca Francisco entered into an agreement for judgment with the plaintiff, and are not parties to this appeal.

[2] Because some of the parties share a last name, we refer to them by their first names.

abuse of discretion because he presented a meritorious defense. We affirm.

Background.  In March of 2022, SEAD purchased property located in Jamaica Plain from the grantors, Arcadio Francisco, Sr. (Arcadio Sr.) and Ramona Francisco, and acquired a quitclaim deed (2022 deed).  The 2022 deed indicated that Arcadio Sr. and Ramona obtained title by a deed dated March 27, 1989.  In 2023, SEAD learned from the tax collector's office that the 2022 deed was not executed by all owners of the property.  SEAD subsequently discovered a deed dated March 14, 2016, in which Arcadio Sr. and Ramona purported to convey the property to themselves and their three children:  Arcadio Jr., Franchesca, and Zuleyca (2016 deed).  Although the 2016 deed had been accepted for recording at the registry of deeds, it did not include an acknowledgment as required by G. L. c. 183, § 29. The last names of the grantors were also misspelled by the registry as "Fracisco" instead of "Francisco," and thus the 2016 deed was not found in a title examination conducted before the purchase.

On February 1, 2024, SEAD commenced this action to quiet title against Arcadio Sr., Ramona, and their children.  The defendants failed to timely answer the complaint, and on February 28, 2024, SEAD filed a request for default of all

2

defendants pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974).  On March 5, 2024, Arcadio Sr., Ramona, Franchesca, and Zuleyca were permitted to file their answer late.  Counsel for Arcadio Jr. entered an appearance on March 14, 2024.  That same day, the judge allowed SEAD's request for a default against Arcadio Jr.

On March 18, 2024, Arcadio Jr. filed a motion to set aside the default, accompanied by a proposed answer and supporting affidavits.  Arcadio Jr. asserted that he had a meritorious defense to the action because SEAD had actual notice of the 2016 deed.[3]  In his affidavit he averred, inter alia, that he had known Carmenelly Abreu, the manager of SEAD, and her husband Socrates for "approximately twenty years"; that he had spoken with Socrates in 2020 regarding the property being listed for sale and told him that "my parents will have to tell me about it because I'm on the deed"; and that "[a] few months later," he had dinner with Socrates and Carmenelly and informed them that he was "part owner of the [p]roperty" and that his "name is on the deed."  In addition, Arcadio Jr.'s affidavit referenced another occasion where he spoke with Socrates about an offer

---

[3] In his affidavit, Arcadio Jr. also explained the reasons for his failure to timely file an answer, which included that he was "overwhelmed and distracted" by unrelated legal proceedings and was out of the country from February 28, 2024, until March 8, 2024.

3

that SEAD had made to purchase the property during which Arcadio Jr. again mentioned that he is "on the deed as an owner of the [p]roperty."

SEAD filed an opposition to the motion to set aside the default and requested that the judge enter default judgment against Arcadio Jr.[4]  The judge concluded that Arcadio Jr.'s defense to the action would be futile because his claim that he told Socrates and Carmenelly that he was "on the deed" was insufficient to put the manager of SEAD on actual notice of the 2016 deed.  On April 8, 2024, the judge denied Arcadio Jr.'s motion to set aside the default and allowed SEAD's motion for entry of default judgment.  On April 19, 2024, a default judgment entered against Arcadio Jr.[5]  This appeal ensued.

Discussion.  "A motion to remove a default is addressed to the sound discretion of the trial judge."  Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816, 816 (1980).  In order to prevail, the movant must provide a "good" reason to remove the default and the existence of a meritorious claim or defense.

---

[4] SEAD filed an affidavit from Socrates in which he denied discussing the property with Arcadio Jr. and averred that Arcadio Jr. never told him that his name was on the deed.

[5] The remaining defendants and SEAD filed an agreement for judgment pursuant to Mass. R. Civ. P. 58, as amended, 371 Mass. 908 (1977), in which they requested an order declaring the 2016 deed null and void, nunc pro tunc to March 14, 2016, and which the judge approved.

4

Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806 (2002). See Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974) ("For good cause shown the court may set aside an entry of default"). Here, Arcadio Jr. claims that he had a meritorious defense to the action to quiet title because SEAD had actual notice or inquiry notice of the 2016 deed. The claim is unavailing.

"Actual notice is a question of fact[.]" Emmons v. White, 58 Mass. App. Ct. 54, 65 (2003), citing McCarthy v. Lane, 301 Mass. 125, 128 (1938). Actual notice can be satisfied by "[i]ntelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to" (citation omitted). Emmons, supra. "The term is to be construed with 'considerable strictness' and mere '[k]nowledge of facts which would ordinarily put a party upon inquiry is not enough.'" Id., quoting Tramontozzi v. D'Amicis, 344 Mass. 514, 517 (1962).

Arcadio Jr. argues that SEAD had actual notice because he told Carmenelly once and Socrates three times that his name was on the deed. Even considering the context of the parties' alleged relationship, Arcadio Jr.'s general statements that his name was "on the deed" and that he was "part owner" did not provide SEAD with "intelligible information" about the 2016 deed. He did not mention that there was a superseding deed from

5

2016, provide more information about the 2016 transaction, or show Socrates or Carmenelly the 2016 deed. Compare Emmons, 58 Mass. App. Ct. at 67-68 (actual notice of settlement agreement satisfied where purchaser had copy of Land Court letter to grantor's attorney referring to unrecorded documents related to agreement, called grantor's attorney and discussed particulars of letter with him, including need for documents effectuating settlement). Under the strict standard applied in construing actual notice, we cannot say that the judge abused his discretion in determining that Arcadio Jr. failed to satisfy his burden to show that SEAD had actual notice of the 2016 deed. See Richardson v. Lee Realty Corp., 364 Mass. 632, 634 (1974). We further note that just as "an unrecorded mortgage is invalid as against third parties who do not have actual notice of it[,]" under the facts of this case, the improperly recorded deed with misspelled names was likewise invalid as against SEAD (quotation and citation omitted). Tramontozzi, 344 Mass. at 517.

Arcadio Jr.'s claim that SEAD had inquiry notice because a property address search would have revealed the 2016 deed similarly fails. Arcadio Jr. cites no authority for the proposition that a duty of inquiry can arise for a deed that is not properly recorded. Cf. Richardson, 364 Mass. at 634-635 (actual notice required for unrecorded instruments and

6

"knowledge of facts which might arouse suspicion would not be sufficient to destroy the bona fides of the subsequent purchaser").  Even assuming a duty of inquiry can exist for improperly recorded instruments, Arcadio Jr. points to no authority to support his claim that SEAD was required to perform an address search in addition to a standard title search.  See G. L. c. 36, §§ 25, 26 (recorded instruments are organized in indices according to grantor and grantee names); Richardson, supra at 635 ("'[P]urchasers should not be required to look beyond the registry of deeds further than is absolutely necessary'" [citation omitted]); Morse v. Curtis, 140 Mass. 112, 115 (1885) ("if a purchaser, upon examining the registry, find[s] a conveyance from the owner of the land to his grantor, which gives him a perfect record title . . . , he is entitled to rely upon such record title, and is not obliged to search the records afterwards").  Even if SEAD had "knowledge of facts which might arouse suspicion," Richardson, supra at 634, an inspection of the title through the conventional method did not reveal the 2016 deed.  See Dalessio v. Baggia, 57 Mass. App. Ct. 468, 472 (2003) ("standard [title] examination would not have revealed . . . 'out-of-chain' conveyance").

In sum, where Arcadio Jr. failed to meet his burden of showing that he had a meritorious defense, the judge did not abuse his discretion in declining to remove the default.[6,7]

Judgment affirmed.

By the Court (Neyman, Shin & Wood, JJ.[8]),

*Paul Little*

Clerk

Entered: June 3, 2025.

---

[6] Arcadio Jr. also argues that the judge abused his discretion by failing to consider the other factors relevant to a motion to set aside a default. See Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 189 (2017). Given the judge's conclusion that Arcadio Jr.'s defense would be futile, his decision not to weigh the remaining factors in favor of removing the default was not outside the range of reasonable alternatives and was an appropriate exercise of his discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014); Clamp-All Corp., 53 Mass. App. Ct. at 806-807 ("a party must show both a good reason to remove the default and also the existence of meritorious claims or defenses").

[7] SEAD's request for attorney's fees is denied.

[8] The panelists are listed in order of seniority.